Waters *v.* Bristol.

JEANNETTE WATERS *vs.* WILLIAM B. BRISTOL.

A new trial will never be granted on the ground that the court omitted to give a charge not asked for upon the trial, provided that the instructions actually given were correct, and adapted to the issue, and sufficient for the guidance of the jury in the case before them.

When parties, in making a contract, expressly stipulate that the non-performance of it shall be excused upon just such terms as the law, in the absence of such a stipulation, would prescribe, the stipulation, although express, is not a condition which qualifies the contract, or in any way affects its import, and the plaintiff need not count upon it in his declaration, or prove it upon the trial.

A new trial for a verdict against evidence will be granted only when manifest injustice has been done by the verdict, and when the wrong is so plain and palpable as to exclude all reasonable doubt of its existence, and to clearly denote that some mistake has been made by the jury in the application of legal principles, or to justify the suspicion of corruption, prejudice or partiality in the jury.

Marriage contracts are not unfrequently or improperly inferred by juries, as much from the conduct of the parties towards each other as from any direct evidence of express stipulations between them; and, in the absence of direct evidence, contracting parties are always presumed to intend what their conduct fairly indicates.

In an action for breach of marriage promise, the jury is peculiarly the appropriate tribunal for ascertaining the amount of damages to be assessed; and in such a case a new trial will not-be granted for excessive damages unless the damages are so great as to make it a case of indubitable wrong, so clear and striking as to indicate the influence of prejudice, undue sympathy, or corruption on the part of the jury.

ACTION of assumpsit on a breach of promise of marriage, tried to the jury upon the general issue.

The declaration contained four counts. The first count alleged a promise by the plaintiff to marry the defendant when the plaintiff should be thereto afterwards requested; and, in consideration thereof, a promise by the defendant to marry the plaintiff when the defendant should be thereto afterwards requested. The second count alleged a promise generally by the plaintiff to marry the defendant; and, in consideration thereof, a promise by the defendant to marry the plaintiff in a reasonable time thereafter. The third count alleged a promise generally, by the plaintiff to marry the defendant; and, in consideration thereof, a promise generally,

by the defendant to marry the plaintiff. The fourth count alleged " that on the first day of August, 1853, in considera-tion that the plaintiff, being sole and unmarried, at the spe-cial instance and request of the defendant, had promised the defendant that she would marry him the defendant at the end of one year then next ensuing, the defendant then prom-ised the plaintiff that he would marry her at the end of one year next ensuing," &c.

Upon the trial the defendant claimed that if any promise had been proved to have been made by him, it had been proved to have been made upon a condition not set forth in the plaintiff's declaration, and that therefore the plaintiff could not recover upon the absolute promise alleged; and the defendant requested the court to charge the jury in conformity with this claim.

Upon this point the court charged the jury that if the con-dition was only what the law itself would import, then the promise was to be considered as absolute, and it would not prevent a recovery by the plaintiff; but if the supposed con-dition was a substantial qualification of the contract, then, upon the declaration as framed, the plaintiff could not recover.

Upon the evidence before the jury the plaintiff claimed that the defendant's offer of marriage might be regarded as a continuing offer up to the date of a certain letter of the plaintiff, dated February 8th, 1854, and that the letter might be regarded as an acceptance on the part of the plaintiff, of the defendant's offer; and the plaintiff requested the court to charge the jury that if they should find the plaintiff's offer of marriage to be a continuing offer, an acceptance within a reasonable time would make a binding contract.

Upon this point the court charged the jury that there was a principle of law like that claimed by the plaintiff; that an offer, accepted within a reasonable time after being made, would amount to a contract if it was a continuing offer, but that in order to make that principle applicable to this case, the jury must be satisfied from the evidence that the offer of marriage continued to the date of the letter, and that the let-ter was an acceptance; and that in that case the promise

would be to marry generally or within a reasonable time; but that whether that principle had any application to this case, was for the jury to judge.

The jury returned a verdict for the defendant upon the first three counts, and for the plaintiff to recover, upon the fourth count, two thousand dollars damages and costs. The defendant thereupon moved for a new trial for errors in the charge to the jury. He also moved for a new trial on the ground that the verdict was against the evidence, and also on the ground that the damages assessed were excessive, reciting the evidence; but the details of this part of the motion are here omitted, as not necessary for the presentation of any definite question of law upon which this court expresses its opinion.

. *Hawley* and *Wooster*, in support of the motions.

1. In contracts to marry, the promises must be reciprocal. If the plaintiff was not obligated to marry the defendant, then the defendant would not be bound by a promise to marry the plaintiff. There must have been an absolute promise on the part of the plaintiff to furnish a consideration. 1 Pars. on Con., 374, 544. Chitty on Con., 15. *Biddle* v. *Dowse*, 6 B. & C., 255, *Ferrer* v. *Oven*, 7 id., 427. *Marsh* v. *Wood*, 9 id., 659. *Guthing* v. *Lynn*, 2 B. & Ad., 232. *Livingston* v. *Rogers*, 1 Caines, 584. *Tucker* v. *Woods*, 12 Johns., 190. *Keep* v. *Goodrich*, id., 397. In this case there was no consideration. The plaintiff never agreed to marry the defendant. Her only promise, if any, was "that she would marry him at the end of the year from the next fall, if she did not hear or know anything against him which, in her judgment, would be destructive of her happiness." She was to decide. She was not to marry him unless her judgment or inclination should so dictate. The law imports no condition to a contract which makes one party the sole judge; and none other than such as would constitute a good defence to the action, to be adjudged in the mode prescribed by law.

. 2. Proof of a contract must correspond with the allegations

in the declaration in all material respects. Nothing can be omitted which constitutes any part of the consideration. 1 Chitty Pl., 298, 309. *Weall* v. *King*, 12 East, 452. *Walcott* v. *Canfield*, 3 Conn., 194. *Curley* v. *Dean*, 4 id., 259. *Denslow* v. *Kellogg*, 14 id., 411. *Bartholomew* v. *Bushnell*, 20 id., 271. In this case the contract alleged is materially variant from the contract proved, if any was proved. 1st. The consideration alleged is an absolute unconditional promise, made on the 1st of August, 1853, by the plaintiff to marry the defendant at the end of one year then next ensuing; the proof of consideration, if any was proved, is a promise made on the 21st day of August, 1853, by the plaintiff, to marry the defendant at the end of a year from the fall next ensuing, if she knew nothing against him, which in her judgment, would be destructive of her happiness, or if she heard nothing against him. 2nd. The allegation is that the defendant promised to marry the plaintiff unconditionally and at the end of one year from the 1st of August, 1853; the proof, if any promise is proved, on the part of the defendant, is to marry the plaintiff at the end of one year from the fall then next ensuing, subject to the same condition which was attached to the plaintiff's promise. 3d. Time in this contract was material; it was the point in contest. 1 Chitty Pl., 259, 511. Gould Pl., sec. 63. Whether the contract was made on the 1st, or the 21st, of August, it is manifest from the testimony, that the plaintiff meant one year from a future time, one year from the next fall. But if the promise was to marry at the end of one year from the time of making the contract, then the day on which the contract was made becomes material, and must be truly stated.

3. The court erred in leaving the question of law entirely to the jury. The court should have told the jury what conditions the law would attach to such a contract.

4. The charge as to the continuing offer was wrong. An offer not accepted constitutes no contract, and a subsequent acceptance does not bind the party making the offer. It must be cotemporaneously obligatory upon both. Here the offer was in August, 1853, and the letter in February, 1854.

1 Swift, 191. *Averill* v. *Hedge,* 12 Conn., 424. *Keep* v. *Goodrich,* Supra. *M'Culloch* v. *Eagle Ins. Co.,* 1 Pick., 278. *Thayer* v. *Middlesex Mut. Ins. Co.,* 10 id., 326. The court should have told the jury that the offer must be accepted in a reasonable time, and what would have been a reasonable time. Chitty on Con., 730. *Gilmore* v. *Wilbur,* 12 Pick., 120. *Atwood* v. *Clark,* 2 Greenl., 249. 1 Parsons on Con., 405, 406.

5. The verdict was manifestly against the evidence in the case.

6. The damages assessed by the jury were unreasonable and excessive to such a degree as to show that the jury were influenced by prejudice, passion or corruption.

*Dutton* and *Beardsley,* contra.

1. It was properly left to the jury to find whether or not the promise was conditional.

2. The charge of the judge in relation to the obligation of a continuing offer if accepted within a reasonable time, was unexceptionable. But if it was not, the defendant can not complain of it, because it appears that the jury found for him upon the counts to which alone this part of the charge was applicable.

3. A new trial should not be granted for a verdict against evidence. *Palmer* v. *Hyde,* 4 Conn., 426. *Talcott* v. *Wilcox,* 9 id., 134. *Laflin* v. *Pomeroy,* 11 id., 440. *Bacon* v. *Parker,* 12 id., 212. *Hopson* v. *Doolittle,* 13 id., 236. *Bulkley* v. *Waterman,* id., 328. *Johnson* v. *Hebard,* id., 337. *Clark* v. *Whitaker,* 19 id., 319. *Allen* v. *Jarvis,* 20 id., 38. *Babcock* v. *Porter,* id., 570.

4. Nor should a new trial be granted on the ground of excessive damages. *Ives* v. *Bartholomew,* 9 Conn., 309. *Clark* v. *Whitaker,* supra. *Woodruff* v. *Richardson,* 20 id., 238. *Clark* v. *Pendleton,* id., 495. *Coffin* v. *Coffin,* 4 Mass., 1. *Worster* v. *Proprietors of Canal Bridge,* 16 Pick., 541. *Barnard* v. *Poor,* 21 id., 378.

SANFORD, J. In this case the verdict was for the defend-

Waters *v.* Bristol.

ant on the first three counts in the declaration, and for the plaintiff on the fourth.   Whether therefore the charge of the court below in relation to a continuing offer and its acceptance was right or not, we need not decide, because, upon the only counts to which it could have any reference or application, the defendant obtained a verdict, and can have sustained no injury from it.

Upon the other point the charge was substantially correct. The defendant contended that his promise, if he made any, was upon condition that he should not be bound to its performance if the plaintiff should hear any thing against him which she might think would be destructive of her happiness.   The plaintiff claimed that the promise was absolute, although it was understood and expressly stated that she should be at liberty to reject him if she found cause,—such cause as would be destruction of her happiness; and that he should have the same liberty, for like cause, to reject her; but she insisted that such an understanding or stipulation was not in the nature of a condition to or qualification of the contract, but only an allusion in terms to such a state of facts, as, whether mentioned or alluded to by the parties at the making of the contract or not, would furnish a legal excuse or justification for the non-performance of such contract.

In reference to these claims, the court charged the jury, that if the supposed condition was a substantial qualification of the contract, then, upon the declaration as framed, the plaintiff could not recover; but that if the condition was only what the law itself would import, then the promise was to be construed as absolute.

The first proposition was precisely what the defendant claimed; but as to the last, he insists that the judge erred, not because the proposition itself was false, but because the judge did not inform the jury what those conditions were which the law in such a case imported.   It is a sufficient answer to this claim of the defendant, that, upon the trial, he made no request for any instructions from the court to the jury on the subject.   A new trial is never granted because

the court omitted to give a charge not asked for, provided the instructions actually given were correct, adapted to the issue, and sufficient for the guidance of the jury in the case before them.    But we think this part of the charge was also correct. For when parties expressly stipulate that their non-performance of a contract shall be excused upon just such terms as the law itself prescribes, then the stipulation, though express, is not a condition which qualifies the contract, or in any wise affects its import; and the plaintiff need not count upon it in his declaration, or prove it upon the trial.    It is only matter of defence, and neither more nor less so because the parties have in terms inserted it in their contract.    We can not therefore advise a new trial for any error in the charge.

Again, it is claimed, that there was a material variance between the contract proved, and the contract set up in the declaration, in regard to the time of performance.    But no objection to the reception of the evidence on that ground appears to have been made upon the trial, and we can not listen to it here.

The evidence was all submitted to the jury without objection, and with appropriate instructions from the court.    And the jury found the contract stated in the fourth count proved; so that this court has only to decide whether it is so manifest that the jury erred in finding a contract which the whole evidence did not prove, that it is our duty for that cause to set aside the verdict.

The authority of the court to grant a new trial for a verdict against evidence is undoubted, and its exercise sometimes indispensable to the due administration of justice, but it is a power to be invoked only when manifest injustice has been done by the verdict, and when the wrong is so plain and palpable as to exclude all reasonable doubt of its existence; indeed, so obvious as clearly to denote that some mistake has been made in the application of legal principles, or to justify the suspicion of corruption, prejudice or partiality in the jury.    This is the settled rule, sanctioned and illustrated by the whole current of our decisions on the subject. We think it a wise and salutary rule, and feel no inclination

to abrogate or depart from it. *Johnson* v. *Scribner*, 6 Conn., 186. *Yale* v. *Yale*, 13 id., 185. *Bulkley* v. *Waterman*, id., 328. *Clark* v. *Whitaker*, 19 id., 319. *Babcock* v. *Porter*, 20 id., 570. The due application of this rule requires that this motion should be denied.

Marriage contracts are not always, perhaps not generally, expressed in very definite language, and are not infrequently or improperly inferred and found by juries, as much from the conduct of the parties toward each other, as from any direct evidence of express stipulations. And in the absence of direct evidence, contracting parties are always presumed to intend what their conduct fairly indicates. *Hutton* v. *Mansell*, 6 Mod., 172. S. C. 3 Salk., 16, 64. *Wightman* v. *Coates*, 15 Mass., 1.

In this case the jury had an opportunity to observe the appearance and demeanor of the parties, to ascertain their comparative intelligence, accuracy of recollection and general trust-worthiness, as well as the consistency or inconsistency of their admitted conduct with their respective claims; and in these respects, enjoyed advantages for the ascertainment of the truth which this court does not possess. And although the direct testimony of the parties is in some points conflicting, perhaps irreconcilable, yet we can not say that the conclusion to which the jury arrived was so clearly and manifestly wrong as to justify us in overturning their verdict, whatever our opinion may be as to the mere preponderance, on the one side or the other, of the evidence laid before us in the motion. As already observed, it is not enough that we find cause to doubt the correctness of the verdict. We must see clearly that it was wrong, or we can not on this ground disturb it.

The damages assessed are considerable, we are rather inclined to think too large ; but in cases of this character the jury is the peculiarly appropriate tribunal for the ascertainment of the amount of damage which the one party has sustained and the other ought to pay. Some facts and circumstances proper to be considered, and in some degree influential in the determination of the question, are almost

always necessarily brought to the notice of the jury, which can not by the motion be laid before this court; and although we do not mean to intimate that no case can be stated in which this court would advise that a verdict should be set aside on account of excessive damages for the breach of a marriage contract, we do say, that to justify such an interference with the appropriate province of the jury in such a case as this, in which no certain rule of calculation for our guidance is furnished by the law, we must have laid before us a very clear and striking case of indubitable wrong, so clear and striking as to indicate the influence of undue sympathy, prejudice or corruption on the verdict. *Clark* v. *Pendleton*, 20 Conn., 496. This is not a case of that character, and we can not for any of the reasons assigned by the defendant advise a new trial.

In this opinion the other judges concurred.

New trial not advised.