JAMES PRICE, JR., *vs.* JULIUS HEUBLER.

Hartford Dist., Oct. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

Where a vendor retains possession of personal property sold, the sale is good against all the world except the creditors of the vendor.

And a creditor can attack the sale only by a legal attachment or a legal levy of an execution upon it, followed by legal proceedings to appropriate the avails to the payment of his debt.

Whenever there is a conflict in the evidence or different inferences may be drawn from it, the determination of the jury will not be interfered with unless it appear that it is against the clear weight of the evidence or was influenced in some way by passion, prejudice, perversion or corruption.

[Argued October 10th—decided October 25th, 1893.]

Price v. Heubler.

ACTION to recover a quantity of tobacco; brought to the Court of Common Pleas of Hartford County and tried to the jury before *Walsh, J.* Verdict for the defendant and appeal by the plaintiff. The case is fully stated in the opinion.

*C. W. Briscoe* and *J. W. Johnson*, for the appellant.

*J. L. Barbour*, for the appellee.

ANDREWS, C. J. This is an action in the nature of trover claiming to recover the value of six cases of tobacco. The plaintiff was a deputy sheriff of the county of Hartford. On the fifth day of November, 1886, he had in his hands and possession at East Windsor in said county, thirteen cases of tobacco, which on that day were replevied out of his possession upon a writ of replevin in favor of the present defendant. The plaintiff claimed the lawful possession of the cases of tobacco by virtue of two writs of execution against one Joseph Bassinger of said East Windsor, one in favor of Horace Barber of said town, the other in favor of E. C. Sheldon of Springfield, Massachusetts, and he had levied on the same as the property of the said Bassinger. The action of replevin was brought against the said Horace Barber. Upon the trial of the replevin case the then plaintiff—now defendant—claimed to be the *bonâ fide* purchaser of all the cases of tobacco from Bassinger. Mr. Barber, the then defendant, disclaimed any right as to six out of the thirteen cases, and as to the other seven cases claimed that even if there had been a sale thereof by Bassinger to Heubler there had been such a retention of the possession thereof by Bassinger that the sale was fraudulent and void as against him, and that he might lawfully levy upon them to satisfy said execution. The issue so made up was in favor of Mr. Barber. The present action is brought to recover the value of the six cases of the tobacco which were taken out of his hands by the replevin and in respect to which Mr. Barber disclaimed.

Granting, as we do for the purposes of the present inquiry,

that there was such a retention of the possession of the to-bacco by Bassinger that it might be taken by attachment or on execution by any of his creditors, yet the sale, as between him and Heubler, was a valid one. It was good against all the world except a creditor of Bassinger. And such a cred-itor could successfully attack the sale only by a legal attach-ment, or by a legal levy of an execution upon it, followed by lawful proceedings to appropriate the avails thereof to the payment of that creditor's debt. *Ahern* v. *Purnell*, 62 Conn., 21.

Whether or not such a levy had been made and such pro-ceedings had (up to the time the replevin was served) in respect to the six cases of tobacco for which this action was brought, was the issue made by the second defence. On that issue there was evidence upon both sides. We must take it for granted that the jury was properly instructed as to the law applicable to the question of fact involved in the issue, because no complaint is made in that respect. All the considerations bearing upon the evidence offered were doubt-less urged to the jury—as that an officer's return of his do-ings on any lawful process is entitled to a high degree of credit ; that the officer himself, although nominally a party, is really a disinterested witness ; and that the officer was corroborated by other witnesses. And on the other side, that the witnesses were interested and were persons less worthy of credit than the officer, and everything else which the ingenuity of counsel could suggest. It was a question of fact for the jury and these were arguments for the jury to weigh. We cannot assume that they did not consider them fully and fairly. It is more than likely that opposing counsel urged contrary arguments upon the attention of the jury.

We think there was evidence on the part of the defendant which, if the jury believed it, was sufficient to warrant them in coming to the verdict which they rendered, and that a new trial should not be granted. " Whenever there is a conflict in the evidence, or different inferences may be drawn there-from, the determination of the jury will not be interfered

with unless it appear that it is against the clear weight of the evidence, or was influenced in some way by passion, prejudice, mistake, perversion or corruption." *The People* v. *Fish*, 125 N. York, 136 ; *Waters* v. *Bristol*, 26 Conn., 404.

In this opinion the other judges concurred.