WALTER E. PATCHIN ET AL. vs. GEORGE P. ROWELL ET ALS.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The plaintiffs sold and delivered certain personal property to one L, who never paid them for it. While in L's possession, the defendant purchased the property from him in good faith for a valuable consideration, but did not then take possession of it. A little later L orally declared that he placed the property in the possession of the plaintiffs, though no visible change of possession took place, and thereupon accepted from them a conditional bill of sale of this and other property. The plaintiffs' only motive in this transaction was to obtain security from L for the balance due them. Shortly thereafter the defendant, who had no knowledge of the plaintiffs' claim or of the conditional bill of sale, took and retained possession

of the goods until they were replevied from him more than a year afterward. *Held* that the defendant by virtue of his purchase and subsequent possession acquired a valid title as against the plaintiffs, whose loss, whether as mortgagees or as purchasers of *L*, was due to their own failure to take the goods into their possession.

An absolute sale accompanied with a delivery, passes title to the goods, whether they are ever paid for or not.

A debt due from the vendor to the vendee is a valuable consideration for a sale of goods.

While the retention of possession of personal property by the vendor after a sale, does not affect the rights of the parties as between themselves, it does render the sale invalid as against subsequent attaching creditors of the vendor without notice, and bona fide purchasers without notice who secure possession of the property.

A change in the possession of goods sold, sufficient to protect them against an attaching creditor, is not accomplished by a mere oral declaration of the seller that he places them in the possession of the buyer. Nor can the title of such a buyer, under such circumstances, prevail as against either a prior or subsequent bona fide purchaser who acquires possession without notice of the former's claim.

However valid a mortgage or sale of personal property unaccompanied by possession may be as between the parties, it cannot prevail against a prior bona fide purchaser of the property for value, who acquires possession before he has any notice, actual or constructive, of the alleged mortgage or sale.

A demand and a refusal to comply therewith within a reasonable time, are prerequisites to an action of replevin against one who is in the lawful possession of the goods as a bona fide purchaser.

A single action of replevin against two or more defendants, each of whom is in the exclusive possession of a portion of the goods and chattels replevied, presents a clear case of misjoinder of parties and causes of action.

Argued October 29th—decided December 19th, 1912.

ACTION of replevin, brought to the Court of Common Pleas in Fairfield County where the issues between the plaintiffs and the defendant Rowell were separately tried by the court, *Scott, J.;* facts found and judgment rendered for that defendant, and appeal by the plaintiffs. *No error.*

The defendant Rowell subleased two offices, adjoining and connected with his own office, to Lanyon.

Rowell owned all of the furniture and fixtures in Lanyon's offices, except the goods replevied, and used the offices at his convenience. The plaintiffs sold the goods replevied from Rowell, to Lanyon on or about July 25th, 1908, and they were placed in Lanyon's offices. He has not paid for them. Within a week prior to October 3d, 1908, Lanyon sold said goods to Rowell for value, viz., an indebtedness then due to Rowell from him. There was no change of possession of said goods at the sale.

The plaintiffs, prior to October 26th, 1908, arranged to sell Lanyon further office furniture upon his giving them a conditional bill of sale of the goods to be sold, the said goods sold July 25th, 1908, and certain personal property located in Lanyon's house and purchased of plaintiffs. Prior to the execution of the bill of sale on said October 26th, Lanyon orally told plaintiffs that he placed said goods in their possession. There was in fact no other change of possession as to the plaintiffs than this, and Lanyon continued to occupy said offices, conduct said business, and have possession of said goods as before the execution of the bill of sale, and so remained until about November 1st, 1908, when he ceased to occupy said offices, and Rowell went into their occupancy and took and held possession of said goods until replevied, without knowledge of plaintiffs' claim or said bill of sale, until November 13th, 1908. This bill of sale was given for the purpose of securing the plaintiffs for the goods sold at that time to Lanyon, and to secure the indebtedness from him to them by reason of the sale of July 25th, and other sales up to October 26th, 1908. The only motive moving the plaintiffs to procure said bill of sale was to obtain security for the balance owed them and for the new purchase.

This bill of sale as to the goods replevied of Rowell was duly recorded November 13th, 1908, and the plain-

tiffs did not know at this date that the said goods included in the sale of July 25th were not the property of Lanyon; and their first knowledge that their ownership was claimed by Rowell, by virtue of said sale to him by Lanyon, was on November 13th, 1908.

No demand was ever made on Rowell for said goods which were replevied March 8th, 1910, and at said time the officer replevying scattered the contents of a filing-case over and about the floor of the offices of Rowell, which compelled a rearrangement of the papers and the purchase of a new filing-case.

The replevy occasioned considerable comment both in the public prints and otherwise, and said Rowell was subjected to annoyance and mortification. Judgment was rendered for defendant for return of said goods and for $25 damages.

This action is against Rowell and Clark, replevying certain goods in the possession of Rowell, in which Clark has no interest, and certain goods in the possession of Clark, in which Rowell has no interest; and joined Lanyon as a party defendant.

All of said goods had originally been sold by plaintiffs to Lanyon.

By agreement of the plaintiffs and Rowell, and with the consent of the court, a separate trial of the issues between them was had, and the Supreme Court is requested to review these issues, although the issues between the plaintiffs and the other defendants have not yet been tried.

*Edward K. Nicholson*, for the appellants (plaintiffs).

*Russell Porter Clark*, for the appellee (defendant Rowell).

WHEELER, J. The facts found show that the sale of goods by the plaintiffs to Lanyon on July 25th, 1908,

was an absolute sale, and that delivery was then made of the goods so sold. The title to these goods, therefore, passed to Lanyon, notwithstanding that they were not then, nor subsequently, paid for.

Lanyon's sale of these goods about the first of October, 1908, to Rowell, was bona fide and made upon a valuable consideration, and hence was a good sale between the parties. *Meade* v. *Smith*, 16 Conn. 346, 361; *Price* v. *Heubler*, 63 Conn. 374, 376, 28 Atl. 524.

The plaintiffs' claim, that the sale was void between the parties, is without merit.

Since Rowell did not take possession of the goods, his title, as against a subsequent attaching creditor without notice, could not stand; nor could it stand against a bona fide purchaser without notice, who secured possession. This is a rule of policy of our law and inflexibly maintained. *Capron* v. *Porter*, 43 Conn. 383, 388.

Lanyon, after his sale to Rowell and while in possession of these goods, orally declared that he placed these goods in the possession of the plaintiffs, and thereupon the plaintiffs gave him a conditional bill of sale of these goods, together with other goods then sold. If we assume that this constituted, between Lanyon and the plaintiffs, a bona fide sale for a valuable consideration, and that the instrument given was a valid bill of sale,— neither of which questions do we feel it necessary to decide—we must conclude that the oral declaration that Lanyon placed the plaintiffs in possession of these goods, without any act indicating a change of possession, did not constitute a change of possession sufficient to convey title as against an attaching creditor. The plaintiffs concede this rule. In their brief they say: "General creditors, without a doubt, might have attached upon a claim against Lanyon the property which had been sold by the plaintiffs to Lanyon prior to the date of the execution of the conditional bill of sale; that is,

creditors whose claims were in existence at that time."
Equally ineffective would such a claimed change of
possession be against a subsequent purchaser acquiring
possession without notice, or against a prior purchaser
who subsequently acquired possession without notice.
The finding shows that the plaintiffs never purchased
these goods of Lanyon. At most, all that they obtained
was a mortgage of these goods as security for the pay-
ment of their debt. *Morin* v. *Newbury*, 79 Conn. 338,
340, 65 Atl. 156. "When a mortgagee leaves the prop-
erty mortgaged in the possession of the mortgagor, pos-
session under such circumstances may be treated as an
index of title; it is inconsistent with the real transaction
which demands a change of possession, and the mort-
gagee deliberately puts himself in a false position."
*Romeo* v. *Martucci*, 72 Conn. 504, 510, 45 Atl. 1, 99.

However good this security may have been between
the parties to the conditional bill of sale, it cannot pre-
vail against Rowell, who took possession having neither
actual nor constructive notice of it. Rowell had the
right to take possession of the goods he had previously
purchased, and his right to take possession would have
been no better had it been exercised coeval with his
purchase. Lanyon retained possession of these goods
until he vacated his offices. There was, and there had
been, nothing to indicate his sale to the plaintiffs.
Upon his vacation of the offices Rowell took possession
of them and of these goods, and held possession of the
goods until the replevy from him some sixteen months
later. Rowell had no notice of the plaintiffs' claim to
these goods. He came into their possession by virtue
of a prior bona fide purchase for value, and his posses-
sion and title are unquestionably good against the
plaintiffs.

Whether the plaintiffs be regarded as purchasers or
mortgagees of these goods, the position in which they

find themselves was of their own making, and their loss is due to their direct failure to take the goods out of Lanyon's possession into their own. Their loss is in no legal sense attributable to Rowell, and the finding explicitly negatives any suggestion of fraud on his part.

` The facts found show that Rowell had the lawful possession of the goods as a bona fide purchaser at the time of the replevy. Under such circumstances, a demand and refusal to comply therewith within a reasonable time were prerequisites to the action of replevin. *Lynch* v. *Beecher*, 38 Conn. 490, 493. There was nothing of the kind in this case.

The appeal does not raise the question of the right of the plaintiffs to bring a single action of replevin against the three defendants, each of whom was in the separate possession of some of the goods replevied. Lest our silence be construed as approval of the method adopted in bringing this action, we observe that the case presents a clear instance of misjoinder of parties and causes of action.

There is no error.

In this opinion the other judges concurred.