WINIFRED M. MONKS v. JAXON CORPORATION ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 72946

Memorandum filed September 29, 1949.

*Marvin C. Gold,* of New Haven, for the Plaintiff.

*Joseph G. Shapiro,* of Bridgeport, and *Martin E. Gormley,* of New Haven, for the Defendants.

KING, J. In brief the plaintiff claims that each of the two defendants was a wholesale distributor of a named cosmetic preparation; that each sold and warranted this preparation as suitable for use in the plaintiff's beauty parlor; that the plaintiff

purchased this preparation from time to time from each defendant and used the same in her business; and that it irritated her skin, thereby causing her personal injuries. She sues both defendants for damages for such personal injuries and consequential losses. The claims for relief are against each defendant separately and against both defendants.

The defendant, William L. Clifford, Inc., demurs, claiming misjoinder of causes of action on two grounds: (1) that the claims do not arise out of the same transaction and (2) that the causes attempted to be united do not affect all the parties to the action. It should be noted (see Practice Book § 100) that the claim is, not a misjoinder of causes of action in one count in violation of Practice Book § 33, but a misjoinder of causes of action in one complaint in violation of General Statutes § 7819. *Veits* v. *Hartford*, 134 Conn. 428, 438.

The causes of action are for breach of warranty and therefore are based "upon contract, express or implied" and so fall within the language of subdivision (1) of § 7819.

The defendant claims that the causes of action are separate and do not affect all the parties to the action because it is apparent from the complaint that each defendant is liable only for such damage as it caused by the product which it sold, and that it is immaterial that each defendant happened to sell the same product since that fact could not create any concert of action or joint enterprise so as to impose any liability on one defendant for the acts of the other defendant.

However, it appears from the complaint that the plaintiff is uncertain, in advance of trial, as to her ability to prove how much of the harm complained of was caused by the use of the cosmetic sold by one defendant and how much by the use of that sold by the other defendant. That the plaintiff must prove what harm was proximately caused by the use of the cosmetic sold by a particular defendant in order to recover from that defendant is obvious. But she might well be, as she claims she is, uncertain, in advance of trial, as to how her evidence as to proximate cause will come in and how strong, as to a given defendant, it will be.

From the point of view of strict logic, there is much to be said for the defendant's claim. And it cites authority in support thereof from Rhode Island. *Besharian* v. *Rhode Island Co.*, 41

R. I. 94; *Lally* v. *Ventrone,* 120 A. 161. But our statute (§ 7819) must be read in the light of the construction it has received both by judicial decision and by rule of court in this state.

The case of *State ex rel. Hartford-Connecticut Trust Co.* v. *United States Fidelity & Guaranty Co.,* 105 Conn. 230, 233, was a suit brought by an executor and trustee for the default of his predecessor, against two separate surety companies upon two separate bonds covering such predecessor. The plaintiff was uncertain which bond (contract undertaking) covered the particular default or whether both did, in whole or in part. The claim of misjoinder was made there as it has been here, but was not sustained. See § 19.

Here the plaintiff seeks recovery for personal injuries occasioned by the use, over a period of time, of a single cosmetic preparation. That is the basic controversy. Some of the preparation was sold her by one defendant and some by the other. Her proof may show injuries proximately caused entirely by that sold by one defendant, entirely by that sold by the other, or in part by that sold by each. And she may fail entirely in her proof of proximate cause. For any complete settlement or determination of the basic controversy, it is necessary that both defendants be made parties. § 7825. *Veits* v. *Hartford,* 134 Conn. 428, 434.

In cases such as *Patterson* v. *Kellogg,* 53 Conn. 38, 42, there was no basic controversy involving both defendants but two separate controversies with no claim of liability on the part of both defendants for both controversies. The same was true in *Patchin* v. *Rowell,* 86 Conn. 372, 378. Necessarily in such a situation a separate action for each controversy must be brought against the particular actor involved in a given controversy.

Even the holding in *Patchin* v. *Rowell,* supra, is not a controlling authority since it concerned an action of replevin not covered (§ 7844) by the Practice Act. *Veits* v. *Hartford,* supra, 435.

For the foregoing reasons the demurrer must be, and is, overruled on both grounds.