CASE 3—PETITION ORDINARY—MARCH 3.

# Lancashire Insurance Co. v. Monroe, Jefferson & Co.

APPEAL FROM HARRISON CIRCUIT COURT.

1. FIRE INSURANCE—PLEADING—PRACTICE IN CIVIL CASES.—In an action on an insurance policy in which· the company undertook to pay only "the actual cash value of the property at the time that the loss or damage occurred" good pleading required the plaintiffs to allege the actual cash value of the property destroyed, and a motion to make the averments of the petition in this behalf more specific is a more appropriate way of curing the defect in such a pleading than to file a general demurrer. But a demurrer having been filed and overruled, and an answer filed in which the company denied "that the plaintiff had sustained loss or damage in the sum of one thousand dollars, or any other sum," the actual loss or damage was put in issue and proof of the value of the property called for, and therefore a demurrer to the answer was improperly sustained.

2. SAME.—In such an action there should be alleged in the petition either that notice and proof of loss had been furnished the company, or a statement of facts showing the waiver of them by the company; but a demurrer to the petition in this case having been overruled, and the defendant's answer disclosing that its real defense was that the existence of certain mortgages on the property was concealed from it and its agents, by reason of which it claimed the policy to be void from the beginning, the question of proof of loss became unimportant, and the production of such proof must have been unavailing to the policy holders in the face of the contention that the policy was void in any event.

3. PLEADING.—An allegation in the answer of the company that the plaintiffs, or their assignors represented to the company that they were the sole owners of the insured property, and that it was unincumbered, and concealed from the company the fact that the property was incumbered to the extent of three thousand, seven hundred and fifty dollars to one G. W. Gooding, is not an affirmative allegation that the mortgage in fact existed.

4. REPRESENTATION AS TO OWNERSHIP.—A mortgagor, under the law, is the holder of the legal title to the mortgaged property, and

is in fact the sole and unconditional owner thereof, and his representation to the company that he was sole owner of the insured property at the time it was insured, there being at the time a mortgage lien upon it, will not invalidate the policy under the stipulation therein that it shall be void "if the interest of the insured be other than the unconditional and sole ownership."

5. SAME.—In the absence of an allegation to the contrary, it must be assumed that the concealment from the company by the insured of the existence of a mortgage was without design or fraudulent purpose, and such concealment would be merely the failure to disclose the existence of a mortgage, and presumably result from the failure of the company and its agents to inquire as to this particular fact. The insured has a right to assume that the company had made inquiry of him touching every material fact affecting the risk, and to avoid the policy it must be found not only that the concealed matter was material, but that it was intentionally and fraudulently concealed. At any rate misrepresentations not material or fraudulent would not work a forfeiture of the policy under our statutes.

BLANTON & BERRY FOR APPELLANT.

1. The demurrer should have been sustained to the petition. It is fatally defective in that it fails to allege that any proofs of loss were ever made out, or notice of loss sent to the company before suit was filed, nor were any facts plead showing waiver thereof by the company. These are conditions precedent to the right to maintain an action. Kenton Insurance Co. v. Downs, 90 Ky., 236; Columbia Insurance Co. v. Lawrence, 10 Peters, 507; Fireman's Fund Insurance Co. v. Meschendorf, etc., 14 Ky., L. Rep., 757.

2. Where the assured mortgages the title to property for more than the value of same, and for more than the policy of insurance, and fails to disclose this fact to the company, the assured parts with all interest in the property, and this fact being material to the risk, the policy is vitiated by the failure to disclose it. Actual fraud in the concealment of the facts is not necessary where the facts concealed are material to the risk. Security Insurance Co. v. Bronger, 6 Bush, 146; Farmers' & Drovers' Insurance Co. v. Curry, 13 Bush, 313; Kenton Insurance Co. v. Wigginton, 89 Ky., 330; Phoenix Insurance Co. v. Coomes, 14 Ky. L. R., 603; May on Insurance, vol 1, secs. 290, 291, *et seq.*

WARD & LAFFERTY FOR APPELLEES.

1. The error of the court, if any, in overruling the demurrer to the petition because of its failure to allege notice of proof of loss or waiver, was cured by the defendant's answer, in which it denies all responsibility and liability under the policy, which operates as a waiver of the right to require proof of loss. May on Insurance, section 469; Insurance Company v. Forward, 8 Ky., L. R., 261; Phoenix Insurance Co. v. Spies & Thomas, 10 Ky., L. R., 254; Kenton Insurance Co. v. Downs, 11 Ky. L. R., 52.

2. The three thousand, seven hundred and fifty dollar mortgage was not in existence at the time the insured property was transferred by Berry & Gooding to the appellees, Monroe, Jefferson & Co.; and that transfer, which was made by and with the consent of the insurance company, constitutes a new contract between it and the appellees, and it can not now, as against the appellees raise any question as to that mortgage.

3. The company, at the time the policy was issued, asked no questions, nor was there any concealment from them, no misrepresentations to them, nor is there any allegation that there was such. In each of the cases of Security Insurance Company v. Bronger, 6 Bush, 146, and Farmers' & Drovers' Insurance Company v. Curry, 13 Bush, 313, relied upon by the appellants, it will be seen that questions were propounded to the insured and in the answers thereto incumbrances were concealed, and misrepresentations made, and it was therefore decided that no recovery could be had.

4. Any concealment or misrepresentation will not avoid a policy or vitiate it unless it is one material to the risk, and was intentionally and fraudulently concealed. May on Insurance, section 207; Wood on Insurance, section 388; Alkan v. Insurance Co., 10 N. W. Rept., 91; Landkirk v. Insurance Co., 48 N. W. Rept., 798; Hartford Insurance Co. v. Hass, 87 Ky.; Agricultural Insurance Co. v. Yates, 10 Ky. L. R., 984; Fireman's Fund Insurance Co. v. Meschendorf, etc., 14 Ky. L. Rept., 757.

5. Appellees were in fact the sole and unconditional owners of the mortgaged property notwithstanding the existence of the mortgage thereon. May on Insurance, section 286; Hubbart v. Hartford Insurance Co., 33 Iowa, 325; Fireman's Fund Insurance Co. v. Meschendorf, etc., 14 Ky., L. Rept., 757.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This was a suit by appellees on a fire insurance policy is-

sued in January, 1893, to Berry & Jefferson, liverymen in Cynthiana, Ky., and by them assigned, in June, 1893, with the consent of the insurance company to the appellees, successors to Berry & Jefferson, in the business named.

The fire occurred in September, 1893, and this action was brought in the following January.    The policy was for the term of one year and provided against loss or damage by fire to an amount not exceeding $1,000, of which the sum of $800 was on their horses and $200 on their buggies, wagons and other vehicles, harness, horse blankets, implements, hay, grain, etc.

The petition avers "that on the 14th day of September, 1893, the property mentioned and described in the policy was destroyed by fire, whereby the plaintiffs sustained loss in a sum much greater than the amount stated in the policy."

As the policy undertook to pay only "the actual cash value of the property at the time any loss or damage occurred," good pleading required the plaintiffs to allege the actual cash value of the property destroyed, but a motion to make the averments of the petition in this behalf more specific would have been a more appropriate means to cure the defect in the pleading than the general demurrer which was filed by the company.    This motion was not made, but after the demurrer was overruled an answer was filed in which the company denied "that the plaintiffs had sustained loss or damage in the sum of $1,000 or any other sum." This put in issue the actual loss or damage and called for proof of the value of the property destroyed.   It is insisted, however, that the demurrer ought to have been sustained, because there is no averment of notice and proof of loss being

furnished the company after the fire. And again we must say that good pleading required such averment or a statement of facts showing a waiver by the company of the notice and proof required by the terms of the policy. The company, however, did not stand on its demurrer and looking to the answer we find that its real defense to the action, besides the issue as to value, is that the existence of certain mortgages on the property was concealed from the company and its agents by reason of which the policy is claimed to be void from the beginning. The question of notice and proof of loss, therefore, becomes unimportant, as the giving of the notice and the production of the proof must have been unavailing to the policy holders in the face of the contention that the policy was void in any event.

We shall treat the petition, therefore, when aided by the answer, as sufficiently specific and as stating a good cause of action.

A demurrer to the answer was next sustained and judgment rendered against the company for the full amount named in the policy.

We have already seen that an issue with respect to the value of the property was formed by the averments of the pleadings; somewhat indefinitely formed, it is true, but as this resulted from lack of specific averments in the petition, the plaintiffs can not complain if the answer in this particular is not as definite as it might be. It devolves on the plaintiffs to prove up their losses, not simply in the aggregate, but as provided for under the terms of the insurance. As an issue was thus formed it was error to sustain the demurrer. This issue of fact, however, was not the only issue

presented by the answer, and it is proper to consider all the questions presented and determined by the trial court to the end that any future trial may conform to the views we entertain on the questions presented.

It is alleged in the answer, first, that at the time of the issual of the policy to Berry & Jefferson, the assignors of the plaintiffs, they represented to the company that they were the sole owners of the insured property and that it was unencumbered, and concealed from the company the fact that the property was encumbered to the extent of $3,750 to one G. W. Gooding, as shown by a chattel mortgage or bill of sale, of date October —, 1892, and which encumbrance or mortgage, it is averred, is of record in the Harrison County Court clerk's office, and has never been released.

It is alleged in the second place that at the time of the sale and transfer of the property by Berry & Jefferson to appellees, in June, 1893, when the policy was likewise transferred, Berry & Jefferson retained a purchase money lien for the sum of $2,100, and to secure it had their vendees to execute to them a chattel mortgage on the property for the sum named, and this was without the knowledge or consent of the company and was concealed from it by the plaintiffs.

It is alleged, therefore, that neither Berry & Jefferson nor Monroe, Jefferson & Co., were the unconditional and sole owners respectively of the property, either in January or in June, 1893.

The provisions of the contract of insurance relied on to avoid the policy by reason of the facts thus pleaded are as follows:

"This entire policy shall be void if the insured has con-

cealed or misrepresented in writing or otherwise any material fact or circumstance concerning his insurance, or the subject thereof, or if the interest in the insured be not truly stated herein," and further, "this entire policy, unless otherwise provided by agreement, indorsed thereon or added thereto, shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage, or  *  *  *  if the interest of the insured be other than unconditional and sole ownership."

It is manifest that if the policy is to be held void by reason of the conditions named, the averments setting them up must be specific and free from ambiguity, and the rule that the language of the pleader will be construed most strongly against him ought to be rigidly adhered to.

So, considering the first paragraph, it is to be noticed that there is no affirmative averment that a mortgage for $3,750 in fact existed on the property at the time alleged, but only that Berry & Jefferson concealed the fact of such existence. They might have failed to disclose the existence of such a mortgage because it did not in fact exist. If it did not exist, it follows that the record did not show any release of it. Unless, therefore, we are to help out this paragraph by inference and argument, which we are not permitted to do, the demurrer thereto was properly sustained.

With respect to the mortgage for $2,100, the allegations are more specific; though whether this mortgage was put on the property before or after the consent of the company was obtained to the assignment of the policy does not clearly appear. It seems fair to assume, however, that the property was in lien at the time of the new contract.

It is insisted, first, that this mortgage affected the ownership of the property, and the appellees, on account of it, were not its sole and unconditional owners.   This is not now the law.   When the legal title was regarded as in the mortgagee there might have been some reason for the contention that the mortgagor was not the sole and unconditional owner; but even then the mortgagor was the owner in fact and the title was in the mortgagee only as a fiction to the end that he might foreclose.   Now the legal title is held to be in the mortgagor and he is truly the sole and unconditional owner. And such must have been the intent of the draftsman of the policy, for if by the words, "sole and unconditional owner" the rights of mortgagors and mortgagees were intended to be affected the additional words "if the property be or become encumbered by a chattel mortgage" would have been wholly useless.

In the Bronger case (6 Bush, 147), relied on by the appellant to uphold a contrary doctrine, the only title the insured had to the houses, the property there insured, was "his bid for them at a decretal sale," and he had paid no part whatever of the purchase money.   Besides this, his wife, who was a widow of a former husband, had dower in the property.   The opinion recites that "in his preliminary oath the assured affirmed that his title was exclusive and unencumbered, and that no other person had any interest therein." This case does not affect the conclusion we have reached.

In the Curry case (13 Bush, 312), the decision is made to rest on the Bronger case.   The encumbrance was for a part of the purchase money, and this was held to bring the case within the claim of the policy as to unconditional owner-

ship, the court saying that "Mrs. Curry held the property in trust for her vendor until the purchase money was paid."

Whether the vendor had conveyed the legal title does not appear, and if she had not she was not the owner and might never be.    If the insured did hold such title the decision is not supported by the Bronger case or the general current of authority on that question.    (May on Insurance, section 286; Kenton Ins. Co., v. Wigginton, 89 Ky., 330; Hubbard v. Hartford Ins. Co., 33 Iowa, 325; 11 Am. Rep. 155.)

The question remaining is, what effect on the enforcibility of such a policy must be given to the condition that it shall be void "if the property be encumbered by a chattel mortgage," the existence of which is not disclosed by the insured?    It must be borne in mind that we are not considering a case of misrepresentation in the application and upon which the company issues its assurance; nor a case of intentional or fraudulent concealment of any fact.    No such averments are made here.    It is true it is alleged that the plaintiffs did conceal from the company the execution of the mortgage, but, in the absence of any averment to the contrary, we must assume this to have been without design or fraudulent purpose, and the concealment in such event would be simply a failure to disclose the existence of the mortgage, and this might have resulted, and presumably did result, from the failure of the company or its agents to inquire as to this particular fact.

The case here, therefore, is one where, without inquiry as to any mortgage, the company accepts the money of the insured, prepares its own policy and issues it.    It seems to us that the insured has the right to assume that the company

has made inquiries of him, touching every material fact affecting the risk, and if he does not scrutinize the multitude of conditions and stipulations with which he finds his policy shingled over he only risks the avoidance of his policy if it turns out that he has failed to disclose what is in fact material and what he ought to have known to be material to the risk assumed by the company. We think this is the effect of the later decisions of this court, as is certainly the trend of the authorities generally.

In May on Insurance, section 207, it is said: "Where no inquiries are made the intention of the assured becomes material, and to avoid the policy it must be found not only that the matter was material, but also that it was intentional and fraudulently concealed."

In Phoenix Ins. Co. v. Coomes, 14 Ky. Law Rep., 603, the statement of the insured was that there was no mortgage on the property when there was in fact a lien for $600. It was said that "it is evident that if the fact of the lien had been disclosed it would not have been material to the risk, and any prudent agent or company would have made the insurance." "There was no fraud or concealment," said the court, "shown to exist with a view of practicing deception on the company," and "no want of good faith."

The statute of February, 1874, is to the same effect: "All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties, nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy."

In Fireman's Fund Ins. Co. v. Meschendorf, 14 Ky. Law Rep., 757 (Barbour), there is a very full discussion of the

point involved here, and the conclusion reached that in the absence of fraud the failure of the insured to disclose the existence of a mortgage on the insured property when no inquiries are made of him will not invalidate the policy.

To the same effect are the cases of Wytheville Ins. Co. v. Sheltz, 87 Va., 636, and cases there cited. At any rate, misrepresentations, not material or fraudulent, do not work a forfeiture under our statute.

We think the paragraph in question presented no defense, but for the reason that an issue of fact as to value was made in the third paragraph of the answer, the demurrer ought to have been overruled, and the judgment is, therefore, reversed for proceedings consistent with this opinion.