101   613
102   433,
102   436

101   613
106   635
d106   640

## Wytheville.

UNION ASSURANCE SOCIETY OF LONDON, ENGLAND, v. NALLS.

June 18, 1903.

1. INSURANCE—*Sole Ownership—Deed of Trust.*—A deed of trust on personal property is not an estate in or title to property within the meaning of a provision in an insurance policy that if the interest of the assured be other than an unconditional or sole ownership the policy shall be void. The deed of trust is a mere lien which may be discharged at any time by payment of the amount secured. The interest of the assured continues to be "unconditional and sole ownership," notwithstanding the deed of trust.

2. INSURANCE—*No Application—Encumbrance—Waiver.*—If an insurance company elects to issue its policy without an application, or without any representation as to the title of the property insured, it cannot complain, after a loss has ensued, that an existing encumbrance was not disclosed, although the policy provides that if the subject of insurance be personal property and "be or become encumbered by a chattel mortgage" the policy shall be void. The company cannot visit upon the assured the consequences of silence induced by its failure to make inquiry upon subjects upon which it desired information.

Error to a judgment of the Hustings Court of the city of Roanoke, rendered January 29, 1902, in an action of assumpsit, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Watts, Robertson & Robertson,* for the plaintiff in error.

*Scott & Staples* and *Cocke & Glasgow,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of assumpsit on a policy issued by the plaintiff in error, insuring the machinery and stock in the canning factory of the defendant in error, situated in the city of Roanoke, against loss by fire, to the amount of $5,000.

The jury found a verdict for the plaintiff for $4,084.86, with interest. Whereupon the defendant moved the court to set aside the verdict, and for a new trial, upon the ground that the verdict was contrary to the law and the evidence, and that the court, by its instructions, had misdirected the jury as to the law. The motion was overruled, and judgment rendered upon the verdict, which judgment is now here for review.

The plaintiff in error denies liability on two grounds: First, because the interest of the insured in the property covered by the policy was other than an unconditional and sole ownership; and, second, because the subject of insurance was personal property, and, at the time of the issuance of the policy, was incumbered by a chattel mortgage.

The conditions of the policy upon which these defences are based are as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be personal property, and be or become encumbered by chattel mortgage."

Both contentions rest upon the fact that at the time the policy was taken out there was a deed of trust or chattel mortgage on the property covered thereby.

The insurance was effected through the medium of the Century Banking & Deposit Company, a company conducting a

regular insurance agency in the city of Roanoke, which received the premium and delivered the policy.

It is insisted that in placing this particular risk the company acted in the capacity of insurance brokers, and not as the agent of the insurance company; and the secretary and treasurer of the Century Banking & Deposit Company and the general agent of the insurance company at Richmond both testified to that effect. Nevertheless, the fact remains that the insured sought and obtained the insurance from that company, and was not advised of any limitations on their powers as representatives of the insurance company. As, however, the case will have to be disposed of on other grounds, it is unnecessary to decide what relation the intermediary bore to the contracting parties. See, on that subject, *Queen Ins. Co. of America* v. *Union Bank & Trust Co.*, 111 Fed. 697, 49 C. C. A. 555; 2 Beach on Ins., sec. 1326.

The policy was issued without the usual printed or written application, and there was no representation made, or required to be made, by the insured, either as to the character of his title or interest in the property, or as to the existence of any deed of trust or chattel mortgage thereon.

As observed, the only representative of the insurance company known to the insured, or with whom he came in contact or had any dealings in respect to the insurance, was the Century Banking & Deposit Company, which company was fully informed of the state of his title, and had actual knowledge of the deed of trust on the property, before and at the time of the payment of the premium and delivery of the policy. There was no evidence tending to show a fraudulent concealment of the incumbrance, nor is there any suggestion of bad faith on the part of the insured.

On the 26th of January, 1901, a fire occurred, which occasioned a total loss of the property; and the appraisers fixed the proportion of the loss to be borne by the plaintiff in error at

$4,084.86, the amount of the verdict. That amount is conceded to be the true measure of the insurance company's responsibility, if liable at all.

Considering the grounds of defence relied on, in the order stated, it would seem clear that the first contention interposes no bar to a recovery. Indeed, the authorities are practically unanimous to the effect that an incumbrance is not an estate in or title to property, within the meaning of the provision that, if the interest of the insured be other than an unconditional or sole ownership, the policy shall be void. To the contrary, an incumbrance constitutes a mere lien upon property, which may be discharged at any time by payment of the sum for which the lien attaches.

In the case of *Morotock Insurance Company* v. *Rodefer*, 92 Va. 747, 24 S. E. 393, 53 Am. St. Rep. 846, this court, in construing the effect of the existence of an incumbrance, in a policy containing identically the same conditions, and upon essentially the same facts, as exist in this case, said:

"It was next claimed that the existence of the mortgage violated the condition of the policy that the interest of the insured in the property shall be 'unconditional and sole ownership.' This condition did not have reference to the legal title, but to the interest of the insured in the property, and was not a warranty against liens and incumbrances. The interest of the insured in the property was, and continued to be, unconditional and sole ownership, notwithstanding the mortgage they had given upon it." *Woody* v. *Old Dom. Ins. Co.*, 31 Gratt. 362, 31 Am. Rep. 732; *Clay F. & M. Ins. Co.* v. *Beck*, 43 Md. 358; *Carson* v. *Jersey City Fire Ins. Co.*, 39 Am. Rep. 584; *Quarrier* v. *Ins. Co.*, 10 W. Va. 507.

In respect to the second contention, the case of *Morotock Insurance Company* v. *Rodefer*, *supra*, is equally conclusive. That case holds that where an insurance company elects to issue a policy of insurance against loss by fire without any ap-

plication, or without any representation in regard to the title to the property to be insured, it cannot complain, after loss has ensued, that the interest of the insured was not correctly stated in the policy, or that an existing incumbrance was not disclosed. In that case, as in this, there was a condition in the policy, "If the subject of insurance be personal property," the policy shall be void if the property "be or become encumbered by a chattel mortgage." Yet the court said: "There is nothing in the policy which required a disclosure by the insured of the liens on the property, except the disclosure of any chattel mortgage, where personal property was the subject of insurance; and, if the company neglected to make the proper inquiry, it cannot now be permitted, after loss has happened, to defeat a recovery because the insured did not voluntarily disclose the existence of the said mortgage.. If an insurance company elects to issue its policy without an application, or any representation in regard to the title to the property upon which the insurance is effected, the company cannot complain, after a loss has ensued, that the interest of the insured was not correctly stated in the policy, or that an existing incumbrance was not disclosed." *West R. Mut. Ins. Co.* v. *Sheets,* 26 Gratt. 854; *Manhattan Fire Ins. Co.* v. *Weill & Uhlman,* 28 Gratt. 389, 26 Am. Rep. 364; Wood on Fire Insurance, secs. 151. 162; Gilmore's Notes on Smith's Mer. Law, 293.

In Wood on Fire Insurance, sec. 162, the doctrine is stated thus: "When a policy is issued on a verbal application, without any representation in reference thereto, all information relative to the risk, except such as is unusual and extraordinary, is waived, and the policy is valid, even though it contains a clause or stipulation that 'the insured covenants that the representations given in the application for insurance contain a just, full, and true exposition of all facts and circumstances in respect to the condition, situation, value, and risk of the property insured; and, although the policy professes to be issued

upon the faith of representations made by the insured, yet it is valid, even though no representations whatever were made in reference to the risk, and the lack thereof is not a matter of defence. The insurer cannot charge the assured with laches induced by its own conduct."·

The reasonableness and fairness of the doctrine must commend it to the judicial mind.

It is said that persons applying for insurance are usually not aware of the necessity of making disclosures, the importance of which underwriters have learned by long experience, or what disclosures are necessary. Insurance companies, on the other hand, can not only protect themselves by making inquiries in regard to such matters as they consider material; but, as is well known, their habit is to do so.

It is also a matter of common knowledge that insurance companies are provided with blank forms of application for insurance, and fair dealing demands that they shall use these forms, and apprise the insured of the subjects upon which they desire information, before they will be allowed to visit upon him the consequences of silence induced by their own conduct.

The practical operation of a contrary rule would be to convert these salutary contracts of indemnity into pitfalls for the unwary, and to deny protection in many instances where the insured had acted in good faith, and was consciously guilty of no dereliction.

The authorities cited are conclusive of the case in both aspects, and render a consideration of other questions relied on and argued by counsel unnecessary.

The judgment is plainly right, and it must be affirmed.

*Affirmed.*