ALEXANDER MORIN vs. CHARLES E. NEWBURY.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 4134, provides that every person who loans money upon a note secured by a mortgage upon personal property, in which the sum loaned is stated to be greater than its actual amount, shall be fined or imprisoned, or both; and that the note

Morin v. Newbury.

and mortgage shall be void. *Held* that this provision being highly and distinctly penal in character was to be construed strictly, and that a bill of sale of personal property, absolute in form, although given as security for the payment of the note, did not come within the fair import and spirit of the statute.

Such an instrument has no place upon the land records, and therefore acquires no additional force or virtue by being recorded.

Submitted on briefs October 23d—decided December 18th, 1906.

ACTION to recover money loaned, brought to and tried by the Court of Common Pleas in New Haven County, *Bennett, J. ;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The defendant, in November, 1903, gave to the plaintiff his note for $475. The consideration therefor was $385, paid in cash out of a loan of $400 obtained at the defendant's repeated solicitation and for his sole accommodation by the plaintiff and his wife upon a savings-bank mortgage, $15 reserved by the bank out of said loan as the expenses attending it, and $75 bonus. At the time of this transaction it was agreed that the defendant should secure his note by a bill of sale of certain personal property. Some three weeks later the defendant gave to the plaintiff an absolute bill of sale, in ordinary form, of said property, in which the consideration was expressed to be "a valuable sum in dollars." This instrument was thereupon recorded. February 25th, 1904, the defendant paid the plaintiff $150 on his said note, which was then surrendered, and two notes, one for $250 and one for $75, were given in renewal of the unpaid balance. Certain payments of interest were subsequently made upon the larger of these two notes. Upon the smaller, $50 of principal was paid February 1st, 1905, and a note of $25 given in renewal of the $25 balance. The action was brought to recover the amount due upon the two outstanding notes. No other sums besides those stated have been paid upon account of said $475 note or the indebtedness represented thereby.

*Ulysses G. Church,* for the appellant (defendant).

*Nathaniel R. Bronson* and *Lawrence L. Lewis*, for the appellee (plaintiff).

PRENTICE, J. Section 4134 of the General Statutes provides that "every person who shall loan money upon a note secured by mortgage upon personal property, in which the sum of money loaned is stated to be greater than the amount actually loaned, or in which the rate of interest to be charged is greater than the rate allowed by law to be charged by pawnbrokers," shall be fined, or imprisoned, or both, and that the mortgage and note shall be void. This statute is distinctly penal and should therefore receive a strict construction, and no act should be held to be in violation of it which does not fall within its spirit and the fair import of its language. *Daggett* v. *State*, 4 Conn. 60, 63; *State* v. *Brown*, 16 id. 54, 57. With so much of the section as relates to the interest rate we have now no concern. As for the rest, the penalty and forfeiture prescribed are expressed to attach to loans of money upon a note secured by mortgage upon personal property in which the sum loaned is stated to be greater than the amount actually loaned.

The instrument by which the defendant's note to the plaintiff was secured was a bill of sale, absolute in form, and without any condition, reservation, or clause of defeasance. A court of equity, if appealed to, might give it the effect of a mortgage. *Lovell* v. *Hammond Co.*, 66 Conn. 500, 510, 34 Atl. 511. Whether it would do so if it should appear that the consequence would be to permit the grantor, appealing to the judicial conscience, to receive back his former property without payment and thus avoid his just debt, is a question we need not now consider. Whatever might be the result under such conditions, certain it is that the instrument is neither in form nor name a mortgage. It is not one to which the law attaches any peculiar virtue when recorded. It had no place upon the records and could serve no legal purpose there. Its execution and delivery accomplished nothing, aside from its value

as proof, which a parol agreement would not. The law looks upon it as a feature of the transaction between the parties, purely voluntary with them and personal to them, which could possess no significance to others, whether executed or not executed, recorded or not recorded. Its existence, although recorded, could affect nobody injuriously if possession of the property was retained; if possession passed, the writing was a needless incident of the transaction which, if not made public, could have harmed or misled nobody, and if made public, by recording or otherwise, was entitled to be relied upon by nobody save as any other pretense or token might be. If the giving of the bill of sale was sufficient under the statute to avoid the note, it would, of course, have had the same effect had it never been recorded and its existence had been undisclosed. What evil the General Assembly could have seen in such a situation, or in any situation which might be created by the giving of such a gratuitous and ineffective writing, which could have been deemed sufficient to call for the drastic penalties of the Act, it is difficult to discover.

The statute evidently requires some other explanation, and it is to be readily found in the fact that our statutes do provide for the execution in a prescribed form and the recording of mortgages of certain personal property, which shall be effectual as security against all the world. These instruments so drawn are mortgages in both form and name, and when recorded are mortgages in effect. The same potent reasons which have led to the requirement that mortgages of realty should correctly state the debt secured thereby, in order that the required notice to the world through our recording system should not convey false information, exist why these recorded mortgages of personalty should not overstate the debt for the security of which they are given. It is such instruments as these, which the law requires to be publicly promulgated by recording, and to which, when recorded, the law attaches a peculiar importance and accords a peculiar protection, which are within the spirit and fair import of the language of the stat-

ute recited.    One like the present bill of sale we think
is not.

The trial court, therefore, correctly held that the defense
that the notes sued upon were void must fail.

There is no error.

In this opinion the other judges concurred.