LOUIS N. ROWLAND, *Appellant,* v. THE HOME INSUR-
ANCE COMPANY OF NEW YORK, *Appellee.*

No. 16,203.

SYLLABUS BY THE COURT.

1. FIRE INSURANCE — *Provision against Encumbrances* — *Mort-
gage.* A policy of fire insurance containing a provision which
reads: "It is stipulated and agreed if the property or any
part thereof shall hereafter become mortgaged or encumbered
. . . without written consent hereon, then this policy shall
be null and void," will not be rendered invalid by a mortgage
upon the insured premises, unless it is a valid and subsisting
lien upon the property.

2. WORDS AND PHRASES—*"Encumbrance."* In such a case, where
the insured executed a mortgage for the purpose of securing
a promissory note payable more than a year after date, for
rent expected to become due under a lease where the term does
not commence for five months in the future, and the insured
property is destroyed by fire before the commencement of the
term under the lease, such mortgage will not be an encum-
brance within such provision of the policy.

Appeal from Miami district court; WINFIELD H.
SHELDON, judge. Opinion filed April 9, 1910. Re-
versed.

*Lane & Lane,* for the appellant.

*Fyke & Snider,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced by Louis N.
Rowland in the district court of Miami county against
the Home Insurance Company of New York, to recover
upon an insurance policy for loss occasioned by fire.
Upon a trial in the district court the defendant recov-
ered judgment for costs, and the plaintiff brings the
case here by appeal.

The policy contained a provision which reads: "It is
stipulated and agreed if the property or any part
thereof shall hereafter become mortgaged or encum-

bered ` . . . without written consent hereon, then this policy shall be null and void." The defendant claimed that this provision was violated by the insured and the policy thereby rendered void, and for this reason refused payment. No other question is presented. The policy took effect February 25, 1904. The fire occurred November 4, 1904. The plaintiff had executed a mortgage upon the premises insured after the insurance policy was in force and before the fire, but claims that it was not in force and had no legal effect at the time of the fire. The facts are that the plaintiff had rented 200 acres of land for one year from and after March 1, 1905, and was to pay the sum of $450 rent in cash on January 1, 1906. The lease, note and mortgage were executed but were not intended to become effective until March 1, 1905, when the plaintiff took possession of the lands under the lease. Under these circumstances they were merely preliminary steps taken toward the consummation of an anticipated contract, and until such contract was completed and in force these papers were without present force. A mortgage, to be an encumbrance within the meaning of an insurance policy, must be a valid and subsisting lien upon the property. (13 A. & E. Encycl. of L. 259; 19 Cyc. 757; *Wiegen v. Council Bluffs Ins. Co.,* 104 Iowa, 410, 413; *Smith v. Insurance Co.,* 60 Vt. 682; *Fitchner v. Fidelity Mut. Fire Asso.,* 103 Iowa, 276.) One of the purposes of the provision to prohibit encumbrances from being placed upon insured property is to prevent the ownership of the insured from being diminished in value and his interest in the preservation of the property thereby decreased. A lien which has not taken effect or one which has been extinguished or one which for any reason is not effective and subsisting does not fall in this category and is not an encumbrance.

We conclude that the district court erred in holding that the appellant's mortgage was an encumbrance, and the judgment is reversed, with direction to set aside the

judgment in favor of the appellee and enter a judgment in favor of the appellant for the amount due on the policy, when ascertained.