VINCENZO PETELLO *vs.* THE TEUTONIA FIRE INSURANCE COMPANY.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Courts are quite generally agreed that outstanding mortgages and liens do not constitute a breach of a condition in a fire insurance policy that the interest of the insured is that of sole and unconditional ownership.

Provisions for forfeitures contained in insurance policies are to be construed with reasonable strictness in favor of the insured.

Having borrowed $400 wherewith to buy the stock and fixtures of a barber-shop of which he at once took and held exclusive possession, the purchaser had the vendor make out the bill of sale directly to

the lender, as security for his loan, as they had previously agreed, and later, after five eighths of the sum loaned had been repaid, the purchaser insured this property, together with other fixtures and supplies which he had meanwhile bought, against fire, under a policy which provided that it should be void if his "interest" be other than "unconditional and sole ownership," or if the property "be or become incumbered by a chattel mortgage." In an action to recover for the loss of this property by fire it was *held:*—

1. That the condition as to ownership had reference to the actual, real or equitable ownership, and did not require the insured to hold a technically absolute and complete legal title; and therefore that the outstanding bill of sale, given merely as security for the loan, did not constitute a breach of this condition.

2. That the bill of sale was not, under the circumstances, a "chattel mortgage," either in form or in legal effect.

Argued January 26th—decided February 23d, 1915.

ACTION to recover the amount of a loss under a policy of fire insurance, brought to and tried by the City Court of Waterbury, *Thoms, J.*, and thence, by defendant's appeal, to the District Court of Waterbury and tried to the court, *Peasley, J.;* facts found and judgment rendered for the plaintiff for $500 damages, and appeal by the defendant. *No error.*

The plaintiff, on November 13th, 1911, bought from one Paladino the stock and fixtures of a barber-shop known as No. 600 Bank Street, in the city of Waterbury, and paid therefor $400, which he had borrowed for that purpose from one Criscitiello, his brother-in-law, who lived in New York City. The loan was made on the agreement that the lender should be secured by a bill of sale of the property, and, for the purpose of securing Criscitiello, the plaintiff had the vendor make out a bill of sale directly to him. Plaintiff agreed to pay Criscitiello each week as much as he could spare after paying the expenses of conducting the shop. On May 2d, 1912, when the policy in question was issued, the plaintiff had paid $250, and still owed the balance, and Criscitiello still held the bill of sale as security.

At that time other fixtures and supplies had been bought by the plaintiff after the bill of sale was given, and were not covered by it. The policy of insurance was in standard form, and placed $100 on the stock of barber-shop supplies, and $400 on the furniture and fixtures while contained in the shop. The policy contained the usual provisions that it should be void "if the interest of the insured be other than unconditional and sole ownership, . . . or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." Soon after the policy was issued, Criscitiello demanded payment of the balance due him, and the plaintiff borrowed $150 for that purpose from another brother-in-law, Copozzi, upon a similar agreement to secure the lender by a bill of sale of the property, and for that purpose caused Criscitiello to execute a bill of sale to Copozzi.

Neither Criscitiello nor Copozzi took possession of any part of the property covered by the bills of sale, but the plaintiff remained in exclusive possession thereof until March 17th, 1913, when all the stock and fixtures in the shop, being then of the value of $766, were destroyed by fire. The bills of sale were recorded in the town clerk's office of the town of Waterbury.

*William J. McKenna,* for the appellant (defendant).

*Francis J. Hogan* and *John H. Cassidy,* for the appellee (plaintiff).

BEACH, J. The first assignment of error raises the question whether the bills of sale, given under the circumstances stated in the finding, avoid the policy as a breach of the condition that the interest of the insured should be that of sole and unconditional ownership.

As between the parties, the transaction was one to
which a court of equity might give the effect of a mort-
gage, although the bill of sale was absolute in form.
It could have no other effect. *Morin* v. *Newbury,* 79
Conn. 338, 340, 65 Atl. 156; *Lovell* v. *Hammond Co.,*
66 Conn. 500, 510, 34 Atl. 511.

It is generally held that outstanding mortgages and
liens do not constitute a breach of a condition in a fire
insurance policy that the interest of the insured is that
of sole and unconditional ownership.  Cooley speaks
of this as the well-settled rule, and it seems to be fol-
lowed not only in States where the effect of a mort-
gage is merely to create a lien, but also in States where
the mortgage is treated as a conveyance of the title.
2 Cooley, Briefs on Insurance, 1378; 19 Cyc. 694;
*Carson* v. *Jersey City Ins. Co.,* 43 N. J. L. 300; *Hare* v.
*Headley,* 54 N. J. Eq. 545, 35 Atl. 445; *Clay F. & M. S.
Ins. Co.* v. *Beck & Bolte,* 43 Md. 358; *Westchester Fire
Ins. Co.* v. *Weaver,* 70 Md. 536, 17 Atl. 401, 18 id. 1034;
*Wolf* v. *Theresa Village M. F. Ins. Co.,* 115 Wis. 402,
91 N. W. 1014; *Dolliver* v. *St. Joseph F. & M. Ins.
Co.,* 128 Mass. 315; *Union Assurance Soc.* v. *Nalls,*
101 Va. 613, 44 S. E. 896; *Phoenix Ins. Co.* v. *Public
Parks Amusement Co.,* 63 Ark. 187, 37 S. W. 959;
*Hartford Fire Ins. Co.* v. *Enoch,* 72 Ark. 47, 77 S. W.
899.  The same rule is applied to a vendor's lien on
land not wholly paid for.  *Insurance Co. of N. A.* v.
*Pitts,* 7 L. R. A. (N. S.) 627, and cases cited in note
(88 Miss. 587, 41 So. 5).

The defendant has pointed out but one case in which
this condition, that the interest of the insured should
be that of sole and unconditional ownership, has been
held to be broken solely because the interest of the in-
sured was that of a mortgagor in possession.  With
that exception the cases relied on are either cases where
the interest of the insured was that of a conditional

vendee, or cases where the policy was avoided for the breach of some other condition. In *Williamson* v. *Orient Ins. Co.*, 100 Ga. 791, 28 S. E. 914, 98 Ga. 464, 25 S. E. 560, a distinction was drawn between an ordinary mortgage which, under the State code, created merely a lien on the property, and an absolute conveyance of title intended as a security; the latter being held to avoid the policy as a breach of the condition. We think, however, that this distinction is not well taken, for, as pointed out in *Imperial Fire Ins. Co.* v. *Dunham*, 117 Pa. St. 460, 12 Atl. 668, the parties might have contracted with reference to the state of the title, but preferred to use the word "interest"; and so the condition is to be understood as referring to actual or equitable ownership, and not as requiring the insured to hold an absolute legal title. In accordance with this view, it is generally held that one in possession of real estate under an obligatory contract to buy, who has not paid in full and therefore has not yet become the legal owner, is nevertheless a sole and unconditional owner within the meaning of the standard form of policy. *Arkansas Ins. Co.* v. *Cox*, 21 Okl. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, and note.

The rule appears to be otherwise in the case of conditional vendees of personal property bought on the instalment plan when the title remains in the seller. *Arkansas Ins. Co.* v. *Cox, supra; Dumas* v. *Northwestern Nat. Ins. Co.*, 12 App. Cas. (D. C.) 245, 40 L. R. A. 358; *Dow* v. *National Assurance Co.*, 26 R. I. 379, 58 Atl. 999; *Lasher* v. *St. Joseph F. & M. Ins. Co.*, 86 N. Y. 423; *McWilliams* v. *Cascade F. & M. Ins. Co.*, 7 Wash. St. 48, 34 Pac. 140.

So far as the authorities attempt to lay down any general rule, it is that if the interest of the insured is conditional, or contingent, or if it is for years only, or

for life, or in common, it is not that of sole and unconditional ownership; but where the entire loss, if the property is destroyed by fire, must fall upon the party insured, the reason and purpose of this provision does not seem to exist.

We find but one case exactly in point. In that case, as in this, a bill of sale had been given absolute in form but really intended to secure the lender for the loan of the purchase-money with which the property was bought, and it was held, assuming that the bill of sale was delivered before the policy was issued, that the latter was not void under the condition as to sole and unconditional ownership. *Kronk* v. *Birmingham Fire Ins. Co.*, 91 Pa. St. 300.

The second assignment of error raises the question whether the policy was avoided for a breach of the condition that the property should not be or become incumbered by a chattel mortgage. The term "chattel mortgage" is a term of art, and is to be construed, as it was doubtless intended to be understood, as referring to that particular kind of an incumbrance having the known legal effect of a chattel mortgage. The delivery and record of a bill of sale absolute in form, but intended as security, without change of possession, does not have the legal effect of a chattel mortgage. As was said in *Morin* v. *Newbury*, 79 Conn. 338, 340, 65 Atl. 156, of such a transaction, "the instrument is neither in form nor name a mortgage. It is not one to which the law attaches any peculiar virtue when recorded. It had no place upon the records and could serve no legal purpose there. Its execution and delivery accomplished nothing, aside from its value as proof, which a parol agreement would not."

If the insurance company intended that the policy should be avoided in case the property was subjected to any kind of a lien which a court of equity might

enforce, the language used is not appropriate to that end. Having regard to the rule that provisions for forfeitures contained in insurance policies are to be construed with reasonable strictness in favor of the insured, we think that these bills of sale, given under the circumstances stated in the finding, are not chattel mortgages within the meaning of the policy. *Morin v. Newbury,* 79 Conn. 338, 65 Atl. 156; *State v. Hurlburt,* 82 Conn. 232, 236, 72 Atl. 1079; *Rowland v. Home Ins. Co.,* 82 Kan. 220, 108 Pac. 118; *Humboldt Fire Ins. Co. v. Ashley Silk Co.,* 107 C. C. A. 274, 185 Fed. Rep. 54; *Phoenix Ins. Co. v. Fleenor,* 104 Ark. 119, 148 S. W. 650; *Monongahela Ins. Co. v. Batson,* 111 Ark. 167, 163 S. W. 510.

The other assignments of error are dependent on the conclusions already stated, and do not require separate discussion.

There is no error.

In this opinion the other judges concurred.