**ROYAL INS. CO. v. BAILEY et al.**

Circuit Court of Appeals, Sixth Circuit.
November 13, 1929.

No. 5217.

Hite H. Huffaker, of Louisville, Ky. (A. H. Patton, of Jackson, Ky., and John R. Moremen, of Louisville, Ky., on the brief), for appellant.

O. H. Pollard, of Jackson, Ky., for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This is an action upon a fire insurance policy in which the insurer defends principally upon the grounds: (1) That the policy covered personal property which was incumbered by a chattel mortgage contrary to condition in the policy; (2) that the insured was not, at the time the policy issued, the sole and unconditional owner of the property insured; and (3) that there had been a change, otherwise than by death of the insured, in the interest and title of the subject of the insurance, which terminated the risk.

After inspection of the premises to be insured by the agent of the appellant, which premises were used as a newly constructed flour mill, the policy in suit was issued for $4,120 covering appellant's pro rata proportion of and on a number of items including $5,000 on the building and $10,000 on machinery. All machinery was installed and firmly affixed to the real estate, although some of it had been purchased upon the installment plan, title being retained by the vendor or chattel mortgage being given to secure the deferred payments. Two real estate mortgages covering the "building and machinery" were also given after the policy was issued. The policy contained the provision that it should be void "if the subject of the insurance be personal property and be or become incumbered by a chattel mortgage." There is no contention that other items of personal property covered by the policy were in any wise so incumbered and there is no condition against incumbrances to realty.

Under the circumstances disclosed by the present record, we are of the opinion that as between insurer and insured the items of mill machinery were fixtures, and were covered as such. The fact that the vendors or subsequent mortgagees might have had and retained a power of sale in the event of default and thus have had a right of severance as against the insured even after the machinery was affixed to the real estate, does not detract from the position that such machinery was, and was known to be, fixtures. Davis, Adm'r v. Eastham, etc., 81 Ky. 116. Nor does the fact that the building and machinery were covered by separate items in the policy necessitate the conclusion, ingeniously suggested, that the first was intended by the parties to be considered as real estate and the latter as personalty. The building is as much personalty as the machinery when severed from the real estate, and the language used is susceptible to the much more reasonable

construction of intended apportionment of valuation rather than difference in kind.

■ The real estate in question originally stood in the name of W. M. Bailey, who entered into a contract on August 4, 1924, with one E. M. Russell whereby it was agreed that both Bailey and Russell should convey certain property to a corporation to be organized and thereafter each should hold one-half of the capital stock. In addition to the stock so acquired, Bailey was to receive a cash consideration of $1,000 for the lot. The corporation was organized under the name of Jackson Roller Mill, Inc., and on May 29, 1925, bills of sale were given to it which included the lot in question. Whether this operated as a valid conveyance as between the parties or not, it at least vested the equitable title in the corporation. The policy in suit was issued to the Jackson Roller Mill, Inc., July 22, 1925. Between July 22, 1925, and July 30, 1925, Bailey agreed to sell his stock in the corporation to Russell and both agreed that the corporation be dissolved. On July 30, 1925, Bailey transferred his stock in accordance with this agreement and Russell paid him the sum of $250 in cash and later executed a mortgage to him for $6,250, being the balance of the purchase price. On the same day Russell took charge of the property and affairs of the corporation and began to do business on his own account and notified the agent of the insurance company that he was purchasing Bailey's interest and desired to be substituted as the insured under the name of Jackson Roller Mill. A "rider" was issued amending the policy in accordance with this request. At this time the lot still stood of record in the name of Bailey. On August 3, 1925, the same was deeded directly to Russell and the building was subsequently entirely destroyed by fire on or about November 5, 1925. At the time of the fire the corporation had been entirely dissolved and all debts paid. It is also in evidence that on or about August 20, 1925, Russell had borrowed the sum of $5,000 from the First National Bank of Jackson, Ky., and had given a mortgage on the real estate and machinery to cover this loan. After the fire the claim of Russell under the policy was assigned to Bailey, who now sues.

■■ On the above facts it is contended that the corporation was not at the time the policy was issued, and Russell was not at the time of the amendment of the policy, the sole and unconditional owner of the property insured and that such policy was therefore void. At the time the policy originally issued the corporation was at least the equitable owner of the property and this is sufficient. Milwau-

kee Mechanics' Ins. Co. v. Rhea & Son, 123 F. 9 (C. C. A. 6); Alliance Ins. Co. v. Enders, 293 F. 485 (C. C. A. 9). For the purposes of this opinion we also assume that the conditions applied to Russell as of the time the policy was amended to substitute him as the insured, to the same effect as if a new policy were then issued. Although not the legal owner at that time, title was acquired three days later and prior to both the payment of premium and the fire. It may at least be doubted whether Russell also did not have such equitable title to the property, as contracting purchaser in possession, as to warrant considering him the sole and unconditional owner for insurance purposes even prior to the actual conveyance on August 3, 1925. But be this as it may, the deed was given so soon after the amendment of the policy as to be practically contemporaneous with it and properly so considered.

■■■ The mortgage given to Bailey to secure the balance of the purchase price of his stock must also be considered as an integral part of the single transaction whereby Russell secured title to the property and as an outstanding incumbrance at the time of amendment of the policy substituting Russell as the insured. As to this mortgage the issue presented is whether it constituted a breach of the condition of sole and unconditional ownership, assuming, as we do, that this condition applied to Russell. This stipulation has been held by the late Mr. Justice Brewer, while Circuit Judge, "to refer, not to the matter of incumbrance at all, but to the character and quality of the title, whether that of a fee-simple or leasehold, or otherwise." Ellis v. Insurance Co. of North America (C. C.) 32 F. 646, 649. In Manhattan Fire Ins. Co. v. Weill, 28 Grat. (Va.) 389, 398, 26 Am. Rep. 364, such condition was regarded as not referring to legal title, but to the interest of the insured in the property apart from incumbrances. The mortgagor of real estate is almost universally now held to be the owner as against all the world except the mortgagee after condition broken. It is therefore generally held that outstanding mortgages and liens do not constitute a breach of the condition in a fire insurance policy that the interest of the insured be that of sole and unconditional ownership. Dolliver v. St. Joseph F. & M. Ins. Co., 128 Mass. 315, 35 Am. Rep. 378; Union Assur. Soc. v. Nalls, 101 Va. 613, 44 S. E. 896, 99 Am. St. Rep. 923; Hare v. Headley, 54 N. J. Eq. 545, 35 A. 445; Petello v. Teutonia Fire Ins. Co., 89 Conn. 175, 93 A. 137, L. R. A. 1915D, 812; Citizens' Mutual Fire Ins. Co. v. Conowingo Bridge Co.,

113 Md. 430, 77 A. 378; Lancashire Ins. Co. v. Monroe, Jefferson & Co., 101 Ky. 12, 39 S. W. 434.

The same reasoning is applicable under the terms of this policy to the condition against change in title or interest of the insured. We are of the opinion that these words "change in title or interest" likewise refer not to incumbrances but to a change in the nature of the estate held, the character and quality of the title and the beneficial interest of the insured. Compare Niagara Ins. Co. v. Jeffrey, 215 Ky. 644, 286 S. W. 846; Queen Ins. Co. v. Cummins, 216 Ky. 329, 287 S. W. 896; London Assurance Corp. v. Bailey, 222 Ky. 757, 2 S.W.(2d) 397 (the last case arising from the same loss here involved). But the general rule in this respect need not control here, because the policy contains the stipulation that if the subject of the insurance be personal property and be or become incumbered by chattel mortgage, the contract shall be void. The parties therefore had in contemplation the subject of incumbrances. They have specifically prohibited the incumbrance of personal property and there is no mention of mortgage upon real estate. By omission of provision covering such real estate mortgage, the parties have therefore as specifically, though tacitly, excluded it from the category of forbidden acts. Under the principles of strict construction against the insurer and against forfeiture (Royal Ins. Co. v. Martin, 192 U. S. 149, 162, 24 S. Ct. 247, 48 L. Ed. 385; McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 40, 22 S. Ct. 10, 46 L. Ed. 64), we are constrained to hold that the condition under consideration does not embrace the giving of a mortgage upon the real estate, subsequent to the issue of the policy.

The judgment of the District Court is affirmed.