## PEASE v. TRAVELERS FIRE INSURANCE CO.

No. 28608.    April 18, 1939.

Rehearing Denied June 27, 1939.

Application for Leave to File Second Petition for Rehearing Denied Sept. 12, 1939.

Ram Morrison, for plaintiff in error.

Bridges & Parry and Al C. Thomas, for defendant in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by Opal R. Pease and Henry A. Pease, husband and wife, hereinafter referred to as plaintiffs, against the Travelers Fire Insurance Company, a corporation, hereinafter referred to as defendant, wherein it was sought to recover on a policy of fire insurance issued by defendant to Henry A. Pease upon a certain dwelling house located in Oklahoma City. From a judgment in favor of defendant, plaintiff, Henry A. Pease, has appealed to this court.

Plaintiff contends that the judgment of the trial court is contrary to the law and evidence. The defendant contends that the trial court was correct in holding that the policy was void for the reason that Henry A. Pease had no insurable interest in the property either legal or equitable. It is urged by defendant that the plaintiffs breached certain conditions and stipulations in the policy which are as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconstitutional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *"

There is very little dispute in the evidence. It appears that the property involved was acquired in an exchange of real estate and that some time prior to the date of the exchange a judgment had been rendered against Henry A. Pease in the district court of Pontotoc county and had been transferred to the docket of Oklahoma county, and for this reason the title to the property involved herein was taken in the name of Opal R. Pease. It was stipulated and agreed that she held the bare legal title and that the equitable title was in plaintiff, Henry A. Pease. It was further stipulated that the policy was duly issued and that the premium had been paid, which premium was tendered back to the plaintiff. It was further stipulated that there was a fire loss of $1,251.36.

In the case of Des Moines Insurance Company of Des Moines, Iowa, v. Moon, 33 Okla. 437, 126 P. 753, it was held that the holder of the naked legal title of property without any beneficial use or interest therein has not the unconditional and sole ownership of the property within the meaning of a provision of a policy of fire insurance providing that the entire policy shall be void if the interest of the insured be other than unconditional and sole ownership of the property insured.

There is a marked similarity between the issues of fact involved in the instant case and the facts involved in the case of Western Assurance Co. v. Hughes, 179 Okla. 254, 66 P.2d 1056. In that case it was said:

"The case of Murphy v. Liverpool & London & Globe Ins. Co., Limited, of Liverpool, England, 89 Okla. 207, 214 P. 695, disposes of the contention of the insurance company that the policy was void from its inception on the ground that the legal title of the property was not in the insured at the time the policy was issued. While discussing the same question in Twin City Fire Ins. Co. v. First Natl. Bank, 145 Okla. 293, 292 P. 833, this court cited with approval the case of Hankins v. Williamsburg City Fire Ins. Co., 96 Kan. 706, 153 P. 491, in which it is stated in the syllabus that:

" 'A fire insurance policy upon a building, containing a stipulation that the policy "shall be void * * * if the interest of the insured be other than unconditional and sole ownership," is not invalidated because of an outstanding naked legal title in another, where the insured has the equitable title, the entire beneficial ownership of the property, and is in undisputed possession of the same.' "

The sole authority relied upon by defendant to sustain the proposition that Henry A. Pease had no insurable interest in the property is the case of Phoenix Insurance Co. v. First Natl. Bank, 129 Okla. 204, 264 P. 142, which is cited as authority for the proposition that a husband who transfers the title to property to his wife in fraud of his creditors retains no insurable interest in the property transferred. That action was instituted by the First National Bank of Stilwell against the Phoenix Insurance Company to recover as a mortgagee on fire insurance policy issued in favor of J. L. Rhodes. Rhodes acquired the property in 1918, and in July, 1920, conveyed the same to his wife, Fannie Rhodes. On October 27, 1920, Rhodes executed a mortgage on the property to the plaintiff. The policy was issued on December 30, 1922, in favor of J. L. Rhodes and contained a national board standard clause in favor of plaintiff as mortgagee. Plaintiff had instituted an action to foreclose its mortgage on the property, in which action Fannie Rhodes intervened claiming title by reason of the conveyance from her husband. Judgment was rendered foreclosing the mortgage and setting aside the conveyance from Rhodes to his wife on the ground that the same was given in fraud of creditors and therefore void. On November 4, 1923, the property was destroyed by fire and plaintiff brought this suit to recover on said policy of insurance as the mortgagee. From a judgment in favor of the plaintiff bank, an appeal was taken to this court, and the judgment was reversed. Both Rhodes and his wife testified that the transfer of the property was an absolute conveyance in satisfaction of a debt owing by Rhodes to his wife. It was pointed out that, although it had been previously held that the conveyance was void since it was for the purpose

of defrauding creditors, under the circumstances, it was valid as between the parties, so that when the policy of insurance was issued to Rhodes he had no insurable interest of any kind or nature whatever in the property. It was held that, since the policy was void, the bank, the mortgagee, was likewise precluded from recovery thereon. That portion of the judgment relating to the right of recovery of the mortgagee has been expressly overruled. National Fire Ins. Co. of Hartford, Conn., v. Dallas Joint Stock Land Bank, 174 Okla. 596, 50 P.2d 326; Western Assurance Co. v. Hughes, supra. It is noted that neither Rhodes nor his wife was a party to the action, therefore any comment contained in the opinion relating to the validity of the policy as between the insurer and the owners of the property is dictum.

This is an action upon a contract, and the rights and liabilities of the parties are fixed by its terms. The insured holds equitable title, the entire beneficial ownership of the property, and undisputed possession thereof. This is a substantial compliance with the requirement of the policy that the insured be the "unconditional and sole owner thereof." This is a principle recognized in all jurisdictions. See Cyc. of Ins. Law, Couch, vol. 4, sec. 917, p. 3199; Cooley's Briefs on Insurance (2d Ed.) vol. 4, p. 2187; 14 R. C. L. sec. 230.

It is urged that the stipulation defeats the equitable title of Henry A. Pease to the property, since it is admitted that he had title taken in the name of his wife for the purpose of defrauding his creditors; that the situation is the same as if he had taken title in his own name and transferred title to his wife to prevent a judgment creditor from collecting his judgment. This argument appears to be predicated on the theory that a transfer of property which is void as to creditors of a transferor is valid as between the parties to the transfer. This argument would be entitled to some weight if there were any contention on the part of either of the parties to the transfer that the transferee, Opal R. Pease, took a fee-simple title by the transfer and became the absolute owner of the property. There is no disagreement between the parties in this case as to the nature of the title taken by Opal R. Pease. It is stipulated and agreed that she was the holder of the naked legal title. We might assume that her title might have been defeated at the instance of a creditor of Henry A. Pease, but we are not here concerned with her title. The validity of the insurance policy depends upon the title of Henry A. Pease. It is stipulated that he had the equitable title. This court had held that such a title is sufficient to constitute the holder thereof the "unconditional and sole owner of the property" within the meaning of that term as used in the policy of insurance. An establishment of such a title in him justifies his right of recovery on the policy herein involved.

The defendant's second proposition is as follows:

"The trial court was correct in holding that the policy was void for the reason that neither Henry A. Pease nor Opal R. Pease was the sole and unconditional owner of the property at the time the policy was issued, there being an outstanding mortgage on the property at the time."

In the case of Royal Ins. Co. v. Bailey, 35 Fed.2d 916, it is said:

"* * * As to this mortgage, the issue presented is whether it constituted a breach of the condition of sole and unconditional ownership, assuming, as we do, that this condition applied to Russell. This stipulation has been held by the late Mr. Justice Brewer, while Circuit Judge, 'to refer, not to the matter of incumbrance at all, but to the character and quality of the title, whether that of a fee-simple or leasehold, or otherwise.' Ellis v. Insurance Co. of North America (C. C.) 32 F. 646, 649. In Manhattan Fire Ins. Co. v. Weill, 28 Grat. (Va.) 389, 398, 26 Am. Rep. 364, such condition was regarded as not referring to legal title, but to the interest of the insured in the property apart from incumbrances. The mortgagor of real estate is almost universally now held to be the owner as against all the world except the mortgagee after condition broken. It is therefore generally held that outstanding mortgages and liens do not constitute a breach of the condition in a fire insurance policy that the interest of the insured be that of sole and unconditional ownership. Dolliver v. St. Joseph F. & M. Ins. Co., 128 Mass. 315, 35 Am. Rep. 378; Union Assur. Soc. v. Nalls, 101 Va. 613, 44 S. E. 896, 99 Am. St. Rep. 923; Hare v. Headley, 54 N. J. Eq. 545, 35 A. 445; Petello v. Teutonia Fire Ins. Co., 89 Conn. 175, 93 A. 137, L. R. A. 1915D, 812; Citizens Mutual Fire Ins. Co. v. Connowingo Bridge Co., 113 Md. 430, 77 A. 378; Lancashire Ins. Co. v. Monroe, Jefferson & Co., 101 Ky. 12, 39 S. W. 434."

Other propositions presented by the parties are without merit.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and

424

RILEY, CORN, and DANNER, JJ., concur. GIBSON, HURST, and DAVISON, JJ., dissent.