## Niagara Insurance Company of New York v. Jeffrey.

(Decided June 8, 1926.)

### Appeal from Calloway Circuit Court.

1.  Insurance—Insurance company, knowing of lien on property through its soliciting agent, who wrote answers in application after insured told him of note secured by lien, cannot complain of false answer that there was no lien.

2. Insurance—Clause Forfeiting Policy if Any Change Except Insured's Death Takes Place in Interest, Title, or Possession of Subject-Matter Must Be Construed Strictly.—Clause operating by way of forfeiture of policy if any change, other than insured's death, takes place in interest, title, or possession of subject of insurance must be construed strictly.

3. Insurance—Mortgage is Mere Lien on Property, and Does Not Affect Mortgagor's Title or Interest so as to Avoid Policy.—A mortgage is simply a lien on property, and does not change mortgagor's legal title or interest within clause invalidating policy if any change other than insured's death takes place in interest, title, or possession of subject-matter.

4. Insurance—$250.00 Mortgage on Property Worth $2,000.00 Held Insufficient to Affect Owner's Real Interest Within Clause Invalidating Policy on Any Change of Interest.—$250.00 mortgage on property worth about $2,000.00 held insufficient to affect owner's real interest, within clause invalidating policy if any change other than insured's death takes place in interest.

5. Contracts—Forfeitures are not favored.

6. Insurance—Language of forfeiture clauses in insurance policies will not be extended beyond plain meaning of words used.

7. Appeal and Error—Ruling on Burden of Proof and Admission of Testimony are Not Grounds for Reversal, where Peremptory Instruction was Properly Given (Civil Code of Practice, Section 134). —Where peremptory instruction was properly given, rulings on burden of proof and admission of other testimony are not grounds for reversal, under Civil Code of Practice, section 134.

WHEELER & HUGHES for appellant.

COLEMAN & LANCASTER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Niagara Insurance Company issued to Eunice Jeffrey a policy insuring a dwelling house in the sum of $1,000.00 During the time the policy was in force the house burned, and this action was brought to recover upon the policy. The company defended upon the ground that Jeffrey had made false answers in his application for the policy, and that after the policy was issued he had executed a mortgage upon it without its consent. At the conclusion of the evidence for both parties the circuit court instructed the jury peremptorily to find for the plaintiff. The defendant appeals.

At the time the policy was issued Jeffrey owed a bank a note for $350.00, which was secured by a lien on the house and lot. The property was worth about $2,000.00.

When the agent came to take his application Jeffery told him about the note, and he filled out the application and in it said there was no lien on the property, considering, as he states, that the note was a personal obligation. The agent and Jeffrey both testify unequivocally to the facts, and there is no dispute in the evidence. The agent knew all the facts. He was acting for the company under a commission as solicitor. He filled in the answers in the application. Under such circumstances it is well settled in this court that the company, knowing the truth by its agent who took the application and wrote the answers, cannot complain that the answers were untrue. Hurst Home Insurance Co. v. Ledford, 207 Ky. 212, and cases cited.

Few insurers know the rules of insurance or what is immaterial to be stated in an application, and when the facts are all stated to the agent and he writes the answers, the insured has the right to assume that he knows his business and knows what answers are proper under the facts. The fault, where the proper answers are not written by the agent, is the fault of the agent, and the company, not the insured, should bear the responsibility.

The policy contains no clause providing that it shall be void if after its issual the property shall be encumbered in any way without the company's consent. It contains only a clause that the policy shall be void "if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured or otherwise." It is a well settled rule that such a clause in a policy operating by way of forfeiture is to be construed strictly. 14 R. C. L. 1115. It is held that under such a clause the levying of an attachment or execution upon the property does not avoid the policy. O'Toole v. Ohio, etc., Fire Ins. Co., 24 L. R. A. (N. S.) 802, and notes. It has also been held that under such a clause in the policy the recovery of a judgment which is a lien on the property does not make the policy void. Kelley v. People's, etc., Fire Ins. Co., 50 L. R. A. (N. S.) 1164. A mortgage in Kentucky is simply a lien on the property. The legal title remains in the mortgagor. The execution of a mortgage has no more effect on the title or interest of the owner than the levying of an attachment or execution. The mortgage in this case was only for $250.00. The amount was not

sufficient, in view of the value of the property, to affect the real interest of the owner in the property.

Forfeitures are not favored, and it is incumbent on the insurer to set out plainly in the policy the things the insured may not do without rendering the policy void. The language of such clauses will not be extended beyond the plain meaning of the words used.

As upon the pertinent facts, which were undisputed, the peremptory instruction was properly given, the rulings of the court on the burden of proof and as to the admission of other testimony in no manner affect the result of the case, and under section 134 of the Code are not grounds for reversal.

Judgment affirmed.