## New Amsterdam Casualty Company v. Pickrell.

(Decided June 18, 1929.)

FRED FORCHT for appellant.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Rhoda E. Pickrell's automobile was damaged by collision with another car. In this action against the New Amsterdam Casualty Company to recover on her policy

insuring her against such loss, defendant's demurrer to the petition was overruled, and having declined to plead further, judgment was rendered in favor of plaintiff. Defendant appeals.

The material provisions of the policy are as follows:

"New Amsterdam Casualty Company (a stock company) hereinafter called the Company

| | |
|---|---|
| General Agreement | Does hereby agree with the named Assured, subject to the limitations and conditions hereinafter provided, as respects bodily injuries or death suffered, or alleged to have been suffered, by any person or persons as the result of accidents occurring in the continental limits of the United States and Canada, while this Policy is in force, by reason of the ownership, maintenance or use of any automobile described in the Schedule hereof, including the loading and unloading of any such automobile: |
| Personal Injury | (1) To insure the Assured, within the limits expressed in Statement 6 of the Schedule, against loss from the liability imposed by law upon the Assured for damages on account of such injuries; (2) To insure the Assured, |
| Third Party Property Damage (Optional) | within the limits expressed in Statement 6 of the Schedule, against loss from the liability imposed by law upon the Assured for damages on account of damage to or the destruction of property, including the resultant loss of use thereof, (excluding property of the assured, property in the custody of the Assured or his employees, property which is rented or leased and for which the Assured is legally responsible, or property carried in or upon any automobile covered hereunder) resulting from such accidents. This Agreement shall be effective only in the event that premium therefor is specifically shown in the proper division provided in Statement 7 of the Schedule; |
| Damage to Assured's Automobiles (Optional) | (3) To insure the assured, within the limit expressed in Statement 6 of the Schedule, against loss from damage to or destruction of any such automobile, including its operating equipment while attached thereto, caused solely by accidental collision with another object, or by upset (excluding damage or destruction caused directly or indirectly by fire, damage to or destruction of tires when due to puncture, cut, gash, blowout or other ordinary tire trouble, and excluding in any event damage to or destruction of tires unless caused by an accidental collision or upset which also causes other damage to or destruction of any such automobile). This Agreement shall be effective only in the event that premium therefor is specifically shown in the proper division provided in Statement 7 of the Schedule; |

Investigation (4) To investigate accidents' covered by this Policy and which come within the meaning of Insuring Agreements (1) and (2) foregoing and to negotiate settlement of claims made on account of such accidents as may be deemed expedient by the Company;

Defense (5) To defend, in the name and on behalf of the Assured, any claim or suit against the Assured, even if groundless, brought on account of bodily injuries or property damage covered by this Policy, but the Company shall have the right to settle any claim or suit at any time;

Expenses (6) To pay all expenses, irrespective of the limits expressed in Statement 6 of the Schedule, incurred by the Company in defending any suit described in the preceding paragraph, including any costs taxed against the Assured the premiums on attachment and/or appeal bonds furnished by the Assured in any such proceedings, and the interest accruing on that part of any verdict or judgment not in excess of the Policy limits;

First Aid (7) To pay, irrespective of the limits expressed in Statement 6 of the Schedule, the expense incurred by the Assured in providing such immediate surgical relief as is imperative at the time of any accident covered by this Policy;

Omnibus
Coverage (8) To extend the insurance provided by this Policy, subject to the limits expressed in Statement 6 of the Schedule, so as to be available, in the same manner and under the same conditions as it is available to the named Assured, to any person or persons while riding in or legally operating any of the automobiles described in the Schedule, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named Assured, or, if the named Assured is an individual, with the permission of an adult member of the named Assured's household—other than a chauffeur or domestic servant, except that the terms and conditions of this Policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station, or the agents or employees thereof. The unqualified term 'Assured,' wherever used in this Policy, shall include in each instance any other person, firm or corporation entitled to insurance under the provisions and conditions of this paragraph, but the qualified term 'named Assured' shall apply only to the Assured named and described as such in the Schedule. In the event an automobile covered by this Policy is sold, transferred or assigned, the insurance provided herein shall not extend to such purchaser, transferee

or assignee except by the written consent of the Company endorsed hereon. This paragraph shall apply only as respects any automobile which is used for 'Private Passenger' or 'Commercial' purposes;

**Bankruptcy or Insolvency**

(9) The bankruptcy or insolvency of the Assured shall not release the Company from any payment otherwise due hereunder and if, because of such bankruptcy or insolvency, an execution on a judgment against the Assured is returned unsatisfied, the judgment creditor shall have a right of action against the Company to recover the amount of said judgment to the same extent that the Assured would have had to recover against the Company had the Assured paid the judgment;

"Subject to the following conditions:

**Exclusions**

"Condition A: This Policy does not cover: (1) any accident caused by any automobile while being used for or in any race or speed test; (2) while any automobile is being driven by any person in violation of law as to age, or under the age of sixteen (16) years in any event; (3) any automobile while being used for towing or propelling any trailer or any vehicle used as a trailer, unless such trailers are described in the Schedule, but incidental assistance to a stranded automobile is permitted; (4) any automobile while being used for rental or livery purposes or for the carrying of passengers for a monetary consideration, unless permitted by the description of usage appearing in the Schedule; (5) any automobile while being used for any purposes other than those designated in Statement 9 of the Schedule; (6) any employee of the Assured while engaged in operating or caring for any of the Assured's automobiles; (7) any automobile used to transport high explosives (carrying of loaded cartridges, for gun or pistol, permitted); and (8) this Policy does not cover any obligation assumed by or imposed upon the Assured by any Workmen's Compensation agreement, plan or law.

**Notice to Company**

"Condition B: The Assured shall give immediate written notice of any accident, and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the Executive office of the Company at Baltimore, Maryland, or to its authorized representative.

**Co-operation by Assured**

"Condition C: Whenever requested by the Company, the Assured shall aid in securing information, evidence and the attendance of witnesses, in effecting settlements, in defending suits and in prosecuting appeals. The Assured shall at all times render to the Company all co-operation and assistance within his power.

**358**

| | |
|---|---|
| Assumption of Liability | "Condition D: The Assured shall not voluntarily assume any liability or incur any expense, or settle any claim, unless such settlement or expenditure is first authorized in writing by the Company, except as provided in Insuring Agreement (7). |
| Subrogation | "Condition E: In case of payment of loss under this Policy, the Company shall be subrogated to all rights of the Assured to the extent of such payment, and, the Assured shall execute all papers required in connection therewith and shall co-operate with the Company to secure such rights to the Company. |
| Concurrent Insurance | "Condition F: If the named Assured carries any other insurance covering concurrently a claim covered by this Policy, he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible concurrent insurance. If any other person, firm or corporation included in this Insurance is covered by valid and collectible insurance against a claim also covered by this Policy, such other person, firm or corporation shall not be entitled to protection under this policy. |
| Assignment of Interest | "Condition G: No assignment or change of interest under this Policy, whether voluntary or involuntary, shall bind the Company unless the written consent of the Company is endorsed hereon, signed by its President, Vice-President or Secretary, but in the event of the death, insolvency or bankruptcy of the named Assured, this Policy shall cover the legal representative of the named Assured for a period, within the term of this Policy, of thirty days from twelve and one minute o'clock A. M., of the date of such death, insolvency or bankruptcy, and not later unless consented to by Endorsement as above. |
| Cancellation | "Condition H: This Policy may be canceled at any time by either party by written notice to the other stating when thereafter cancellation shall be effective. Such notice by the Company, mailed under registered cover to the named Assured's address given herein not less than ten days prior to the effective date of cancellation, shall be a sufficient notice. If canceled by the Company, the Company shall be entitled to the earned premium, pro rata. If canceled by the named Assured, the Company shall be entitled to the earned premium computed at short rates in accordance with the table printed hereon. The check of the Company or of its authorized agent, delivered or mailed under registered cover to the named Assured's said address, shall be a sufficient tender of any unearned premium. |
| Appraisal | "Condition I: In case of a disagreement as respects loss under Insuring Agreement (3) such loss shall, |

upon written demand of either party hereto, be determined by two appraisers, one to be appointed by each party. If these two appraisers can not agree, they may select a third and the award in writing of any two appraisers shall determine the nature and extent of the loss. Each appraiser shall be paid by the party appointing him, but the other expenses of the appraisal and of the third appraiser, if any, shall be paid equally by the parties.

**Policy Changes**   "Condition J: No condition or provision of this Policy shall be waived or altered by anyone unless by endorsement hereon signed by the President, Vice-President or Secretary of the Company, nor shall notice to any Agent, nor shall knowledge possessed by any Agent or by any other person be held to effect a waiver or change in this Policy or in any part of it.

**Consideration**   "Condition K: This Policy is issued in consideration of the premium and of the statements set forth in the Schedule and made a part hereof, which statements the named Assured, by acceptance of this Policy, warrants to be true."

"Statement 6: The liability of the Company, as respects each automobile covered hereby, shall be limited:

"(a) Under Insuring Agreement (1) to Five Thousand & No/100 Dollars ($5000.00) for one person injured or killed, and, subject to that limit for each person, the Company's total liability on account of any one accident resulting in bodily injuries or death to more than one person shall be limited to Ten Thousand & No/100 Dollars ($10000.00).

"(b) Under Insuring Agreement (2) to the actual value of the property damaged or destroyed at the time of such damage or destruction, which shall not be greater than actual cost of the repair or replacement thereof, and to loss sustained as a result of loss of use, but in no event in excess of the sum of One Thousand & No/100 Dollars ($1000.00) for any one accident resulting in damage or destruction or loss of use of such property, whether of one or more persons.

"(c) Under Insuring Agreement (3), to the actual cash value of the property damaged or destroyed at the time of the collision or upset, or the cost of its suitable repair or replacement. The Company may pay the loss in money, or, at its option, by repair or replacement of the property damaged or destroyed. The Company shall have reasonable time and opportunity to examine any damaged automobile covered hereunder, before repairs are undertaken or physical evidence of the damage removed, but the Assured shall not be prej-

udiced by any act on his part, or in his behalf under-
taken, for the protection or salvage of any damaged
automobile. The total loss resulting from one collision
or upset shall be considered in the aggregate as con-
stituting one claim and from the total amount (deter-
mined by agreement between the parties hereto, if pos-
sible, otherwise as provided in Condition I of this
Policy), shall be deducted as co-insurance to be borne
by the Assured, the sum of One Hundred and No/100
Dollars ($100.00)."

The petition admits that at the time of the collision
the car was being driven by a boy under 16 years of age,
but alleges that this was without plaintiff's knowledge or
consent. It also alleges facts showing that the collision
was the fault of the driver of the other car, and that the
age of the boy driving her car had nothing to do with the
accident.

The language of the policy is: "The New Amster-
dam Casualty Company does hereby agree with the
named Assured, subject to the limitations and conditions
hereinafter provided, as respects bodily injuries or death
suffered or alleged to have been suffered by any person
or persons as the result of accident occurring in the con-
tinental limits of the United States and Canada while this
policy is in force, by reason of the ownership, mainten-
ance or use of any automobile described in the Schedule
hereof, including the loading and unloading of any such
automobile." The policy then insures against three
things: (1) Injuries to others; (2) injuries to the prop-
erty of others; (3) injuries to the car of the insured.
Under the heading "Subject to the Following · Condi-
tions," we have Condition A, which, so far as material,
reads as follows: "This policy does not cover: (1) any
accident caused by any automobile while being used for
or in any race or speed test; (2) while any automobile is
being driven by any person in violation of law as to age,
or under the age of sixteen years in any event."

The only question for consideration is whether clause
2 applies to damage to the car of the insured. Appel-
lant's position is that the language of Condition A is
broad and unequivocal, and plainly includes not only
damage on account of bodily injuries to others, but dam-
ages to the car of the insured. In support of this posi-
tion it argues that the words, "as respects bodily injuries
or death suffered," do not modify or limit the words,
"limitations and conditions hereinafter provided;" that

to so hold would confine all the limitations and conditions to bodily injuries or death suffered, when it is perfectly plain from the policy that the numerous conditions, such as the giving of notice of the accident, aiding in securing information, not voluntarily assuming any liability or incurring any expense, giving the right of subrogation, and limiting liability if the insured carries other insurance, apply alike to every kind of loss insured against. Were we to strike out the words, "limitations and conditions hereinafter provided," and thus make the policy read "does hereby agree with the named assured as respects bodily injuries or death suffered," etc., we would have an agreement confined solely to bodily injuries, when it is clear that other things were insured against. Were we to strike out the words, "as respects bodily injuries or death suffered," etc., we would be making a new contract for the parties. This we cannot do. We must construe the contract as written and give some effect to the language employed. The only meaning that can be given the words, "as respects bodily injuries and death suffered," etc., is that they modify in some way the words, "limitations and conditions hereinafter provided." In reaching this conclusion we do not mean to hold that all the limitations and conditions relate solely to cases of bodily injuries or death suffered. It may be that some of them apply to damage to the car of the insured, but in view of the restrictive language employed in the paragraph under consideration, and of the settled rule that a policy of insurance will be construed most strongly in favor of the insured, Insurance Co. of N. A. v. Cheathem, 221 Ky. 668, 299 S. W. 545; Niagara Ins. Co. of New York v. Jeffrey, 215 Ky. 644, 286 S. W. 846, we are of the opinion that none of them should be held to apply unless their language plainly requires such a construction.

It is evident that something has been omitted from clause 2 of Condition A. As written it does not make sense. To make sense we must combine clauses 1 and 2. When this is done the policy will read: "This Policy does not cover: (1) any accident caused by any automobile while being used for or in any race or speed test, or (2) any accident while any automobile is being driven by any person in violation of law as to age or under the age of sixteen (16) years in any event." There is nothing in this language that remotely suggests that it applies to damage to the car of the insured. On the contrary, it deals with accidents caused by any automobile while

being used in a race or driven in violation of law as to age, and not to accidents to the car of the insured. This conclusion is fortified by the fact that the remaining clauses provide in effect that the policy does not cover any automobile while being *used* for towing, or any automobile while being *used* for rental or livery purposes, etc., thus placing stress on the use of the automobile, and not on the fact that the accident was caused by the automobile. We are therefore constrained to the view that clauses 1 and 2 of Condition A do not apply to damages to the automobile of the insured. Having this view of the question, it follows that appellee's loss was covered by the policy. That being true, the court did not err in overruling the demurrer to the petition.

Judgment affirmed.

Whole court sitting.